IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC.,
SONY COMPUTER ENTERTAINMENT, INC.,
SONY ELECTRONICS, INC.,
SONY CORPORATION OF AMERICA, and
SONY CORPORATION,

    Defendants.

_____

**ORDER**
_____

    This matter comes before the Court on the defendants' motion to seal [Docket No. 57] their stipulated motion [Docket No. 60], which, among other things, requests that the Court place its order on the stipulated motion under seal.  The Court denies the request to place its order under seal as being contrary to the public interest.  See *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("a common law right exists to inspect and copy judicial records" and, therefore, a court's discretion to seal documents extends to circumstances where "the public's right of access is outweighed by competing interests") (internal quotation marks omitted); *Advanced Elevator v. United States*, 09-cv-00211-JLK, 2009 WL 530375, *1 (D. Colo. Mar. 2, 2009) ("Motions to seal, or otherwise to obstruct or conceal the public nature of court proceedings are held in disfavor."); *Wiese v. Centex Homes*, No. 08-cv-00377-ZLW-MEH, 2009 WL

1396254, *1 (D. Colo. May 15, 2009) ("Under D.C.COLO.LCivR 7.2B, a motion to seal must describe, at a minimum, (1) the nature of the materials or proceedings at issue, (2) the legitimate private or public interests that warrant the relief sought, (3) the clearly defined and serious injury that would result if the relief sought is not granted, and (4) why a less restrictive alternative to the relief sought is not available.").

Accordingly, it is

**ORDERED** that, on or before **September 9, 2009**, the defendants shall notify the Court whether they request the Court to enter the proposed order attached to their stipulated motion [Docket No. 60] not under seal. It is further

**ORDERED** that the stipulated motion [Docket No. 60] is referred to United States Magistrate Judge Michael E. Hegarty to the extent that it pertains to discovery in this action, namely, with respect to the relief requested in paragraphs 2, 3, 5, and 6.

DATED September 2, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge