IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER ON CROSS MOTIONS FOR PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff BIAX Corporation's Motion for Entry of Protective Order [filed September 11, 2009; docket #75] and Defendants' Motion for Protective Order [filed September 11, 2009; docket #76]. The Motions are referred to this Court for disposition. (Docket #79.) The matters are briefed, and oral argument would not assist the Court in their adjudication. For the reasons stated below, the Court **GRANTS** Defendants' Motion for Protective Order and **DENIES** Plaintiff BIAX Corporation's Motion for Entry of Protective Order.

**I.**    **Background**

Plaintiff BIAX Corporation ("BIAX") initiated this patent infringement action against Defendants alleging Defendant Nvidia Corporation ("Nvidia") infringes on two patents owned by BIAX, which are used by the Sony Defendants in various products. At the Scheduling Conference held August 20, 2009, the parties discussed the entry of a protective order in this matter and agreed to submit proposed orders to the Court. (Docket #55.)

The parties concur that a blanket protective order is necessary in this case to protect certain confidential information (*i.e.*, computer code and financial information) from disclosure to the public. In drafting the proposed protective orders, the parties also agree on three levels of designations: "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode." However, the parties dispute two primary areas of protection: 1) who may access certain confidential information and 2) the method in which Plaintiff may access certain computer code belonging to Defendants.

Regarding the first concern, Plaintiff BIAX believes that BIAX's president and general counsel should have access to all information produced by Defendants, "so that they can properly assist and guide the conduct of this lawsuit." (Docket #75 at 2.) Defendants argue that, although BIAX's president and general counsel could access documents designated "CONFIDENTIAL", such persons should be precluded from viewing materials labeled "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode." (Docket #87 at 8.) Defendants contend that by allowing BIAX's president and general counsel access to the contested materials, BIAX could obtain information for use in future claims against Defendants "or companies within Defendants' development, production, or distribution chains," because BIAX's executives "indisputably are competitive decisionmakers." (*Id.* at 6, 10.) Moreover, Defendants state such access would unfairly advantage BIAX in future licensing situations, due to the content of highly confidential sales, licensing and financial information. (*Id.*) Defendants suggest BIAX should be able to rely on its outside counsel, as it has in previous cases. (*Id.* at 11.)

Regarding the second concern, Plaintiff asserts it should have the opportunity to accept production of three copies of computer code, in encrypted form, and will limit "the review of such code to non-networked, stand-alone computers, keeping such code under lock and key." (Docket

#75 at 2.) Additionally, Plaintiff agrees to keep "meticulous records" of any review of the code while it is in BIAX's possession. (*Id.*) Defendants counter, stating the technology at issue "is at the cutting edge of modern technology and the sum-and-total of the company's IP." (Docket #87 at 5.) Defendants offer Plaintiff access to the code in any Orrick or Kirkland office (Defendants' counsels' offices) around the United States and explain that, at those locations, the code will be "made available for inspection, review and copying" consistent with Fed. R. Civ. P. 34(a)(1). (*Id.* at 4.)

**II.     Analysis**

Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders. *Id.*

Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, among other things, enter a protective order specifying terms for the disclosure of materials and designating the persons who may access the materials during the discovery process. Fed. R. Civ. P. 26(c)(1) (2009). Blanket protective orders routinely are approved by courts in civil cases, frequently on the stipulated request of the parties. *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). The agreement of all parties is not required for the entry of a blanket protective order, however, so long as certain conditions are met. *Id.* (citing *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 121 F.R.D. 264, 268 (M.D.N.C. 1988)).

First, a party must make a threshold showing of good cause to believe that discovery will involve confidential or protected information, which may be done on a generalized as opposed to

a document-by-document basis. *Id.* Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to invoke the designation only in good faith. *Id.* After receiving documents, the opposing party has the right to contest any documents it believes should not be designated as confidential. *Id.* At this stage, the party seeking the protection has the burden of proof to justify retaining the confidentiality designation. *Id.*

Here, the proposed orders' agreed-upon provisions meet the requirements set forth in *Gillard*. Defendants, though, request higher levels of protection to which Plaintiff objects, namely as described in paragraphs eleven, sixteen, twenty-one, and twenty-three of the parties' respective proposed orders. (*See* docket #76-2.) In determining the proper level of protection, the Court must balance the requesting party's need for discovery against the resisting party's claimed harm that will result from disclosure. *See Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). Here, Defendants claim they will be harmed if certain computer coding as well as private financial and other technological information is disclosed to BIAX's in-house counsel and president, thereby resulting in an unfair advantage in competitive business practices and increased risk of unintended disclosure of highly confidential trade secrets. BIAX counters that its president and general counsel are decision-makers participating in the litigation and therefore should be entitled to access the information. BIAX also argues it would endure burdensome expense and procedure without actual possession of the computer coding.

Although parties to litigation are certainly entitled to access discoverable information, Defendants' protective order would not deny BIAX access altogether; rather, the individuals who have been primarily active in the litigation - here, outside counsel - would be able to review the documents. Furthermore, BIAX could access the contentious computer code at various locations throughout the country during regular work hours, as Defendants demonstrated BIAX has done in

the past. Therefore, because the balance in this situation tips in favor of avoiding unfair business advantage and increased risk of revealing trade secrets without causing undue prejudice to either party, the Court **DENIES** Plaintiff's Motion for Entry of Protective Order and **GRANTS** Defendants' Motion for Entry of Protective Order. Defendants are directed to submit their proposed protective order, consistent with the terms of this order and the representations in the parties' briefing, in useable format to *hegarty_chambers@cod.uscourts.gov* on or before Thursday, **October 8, 2009**.

Dated at Denver, Colorado, this 5th day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge