IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

      Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA INC., and
SONY ELECTRONICS INC.,

      Defendants.

---

## PROTECTIVE ORDER

      To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c) and for the reasons stated in the Order on Cross Motions for Protective Order [filed October 5, 2009; docket #89], it is hereby ORDERED THAT:

**A.**    **Definitions**

      1.    "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

      2.    "Material": all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.      "CONFIDENTIAL Material": information, documents, and things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.      "ATTORNEYS' EYES ONLY Material": information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

5.      "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode": RTL, HDL, microcode, or similarly sensitive software code (collectively, "RTL, HDL, Microcode") that the Designating Party believes in good faith is not generally known to others and has significant

competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  Any document designated as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" information is automatically designated as subject to a PROSECUTION BAR in Section G.

6.       "Producing Party": a Party or non-party that produces Material in this action.

7.       "Receiving Party": a Party that receives Material from a Producing Party.

8.       "Designated Material": Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" under this Order.

9.       "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode".

10.       "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11.     "Litigation Manager": (i) for BIAX Corporation ("BIAX"), Scott Livingstone and John Meli, Jr.; (ii) for Sony Computer Entertainment America Inc., Jennifer Liu, Daniel Herp, and up to two others to be designated later; (iii) for Sony Electronics Inc., Vladimir Elgort and up to three others to be designated later; (iv) for NVIDIA Corporation ("NVIDIA"), David M. Shannon, T. Rao Coca and up to two others to be designated later; and (v) each designated Litigation Manager's necessary secretarial staff.  Sony Electronics Inc. and Sony Computer Entertainment America Inc. each may designate up to three of their four Litigation Managers from their direct or indirect parent companies.  The parties contemplate that designated Litigation Managers may be replaced as necessary.

12.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

13.     "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist them in their work.  Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.**      **Scope**

14.      The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines provided in the Order Granting Motion For Entry Of Order Setting Markman Briefing And Hearing Schedule And For Related Relief (doc. 50, "Markman Order") and in the Scheduling Order (doc. 58, "Scheduling Order").  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of Practice the United States District Court for the District of Colorado, ("D.C.COLO.LCivR.") and any deadlines provided in the Markman Order, the Scheduling Order, or other Order of the Court.

**C.**      **Access To Designated Material**

15.      CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)      employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)      persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)      Counsel of Record;

(d)    Litigation Managers;

(e)    Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(f)    witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(g)    the Court and its personnel;

(h)    any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(i)    court reporters; and

(j)    Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

16.    ATTORNEYS' EYES ONLY Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "ATTORNEYS' EYES ONLY" Material only to the following persons in addition to those identified in Paragraphs 23-26 below:

(a)    persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)    Counsel of Record;

(c)      Litigation Managers for "ATTORNEYS' EYES ONLY" Material produced by BIAX, but not for "ATTORNEYS' EYES ONLY" Material and "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode Material" produced by Defendants or non-parties, unless so authorized by the Producing Party;

(d)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(e)      the Court and its personnel;

(f)      any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(g)      court reporters; and

(h)      Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

17.      Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel to all other parties at the termination of this action.

18.     At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material.  Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

**D.      Access By Outside Consultants**

19.     **Notice.**  If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV, including, but not limited to, a list of any publications and patents (issued or pending); (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last seven years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B.

20.     **Objections.**  The Designating Party shall have ten (10) calendar days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile

transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within fifteen (15) business days following its objection file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting party, whichever occurs first.

**E.     ATTORNEYS' EYES ONLY – RTL, HDL, Microcode Material**

21.     Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, RTL, HDL, microcode designated as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" shall only be provided on stand-alone computers (that is, computers not connected to a network, Internet or a peripheral device) at secure locations, to be made available during regular business hours on reasonable notice, at (i) for NVIDIA, any office of Orrick,

Herrington & Sutcliffe, LLP in the United States and (ii) for the Sony Defendants, any office of Kirkland & Ellis LLP in the United States.  Beginning one week prior to the beginning of trial and continuing through the end of trial, access to RTL, HDL, microcode shall be provided under the same conditions and with the same limitations and restrictions at (i) for NVIDIA, the offices of Ballard Spahr Andrews & Ingersoll, LLP, 1225 17th St., Suite 2300, Denver, CO 80202 and (ii) for the Sony Defendants, the offices of Featherstone Petrie DeSisto LLP, 600 17th Street, Suite 2400S, Denver, CO 80202.

22.     The Producing Party will produce Material designated as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" in computer searchable format pursuant to the provisions in Paragraph 21 above, but need not produce in executable format absent further agreement of the parties or order of the Court.

23.     The Producing Party will print paper copies of specific portions of RTL, HDL, microcode designated as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" at the time of inspection by the Receiving Party at the Receiving Party's request, which the Receiving Party may take when completing an inspection.  If necessary, the Receiving Party may request additional printouts, which request the Producing Party shall not unreasonably deny.  The Receiving Party shall be entitled to printouts of only the routines that are reasonably necessary for the Receiving Party's testifying expert to provide supporting documentation for an element-by-element infringement analysis in an expert report, or for the Receiving Party to reference it in a deposition or court hearing.  Upon printing, the Producing Party shall Bates number, label "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode," and provide a copy of any printed portions to the Receiving Party, unless the Producing Party objects that such portions are not reasonably necessary for these purposes.  In the event the Producing Party objects, within five

(5) business days the parties shall meet and confer regarding the request to try to resolve the matter by agreement.  The Producing Party shall also retain copies of any printed portions.  The party receiving paper copies of any RTL, HDL, Microcode designated as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" must keep that RTL, HDL, microcode in a secured container when not in use at the Receiving Party's Outside Counsel of Record.  The Receiving Party shall maintain a complete log of Bates numbered pages printed and persons who have reviewed those pages, and shall produce such log at the time its first expert reports relating to RTL, HDL, microcode are delivered, regardless of the restrictions on expert discovery below.  For security purposes, this log must be produced to the Producing Party regardless of any other stipulation limiting expert discovery.  Further, the log will be supplemented with each new expert report relating to RTL, HDL, microcode, 10 days after trial, and at the termination of this action.  The Producing Party shall not videotape or otherwise monitor review of code by the Receiving Party.

### F.   **Financial Summaries**

24.     For the mutual convenience of the parties, Defendants may generate certain financial summaries for the purpose of this litigation; which may include the reproduction of other financial summaries generated for the purpose of certain collateral actions.  To the extent Defendants produce such financial summaries in a digital format (e.g., PDF, TIFF, Word file), or to the extent BIAX puts any such financial summary or the information from any such financial summary into a document in a digital format, BIAX shall password protect that document on an encrypted media.  To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the offices of Counsel of Record for the Receiving Party, the

transmission shall be by hand, by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

## G.    Prosecution Bar

25.    Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material designated "SUBJECT TO PROSECUTION BAR" by the Sony Defendants or NVIDIA and labeled as such at the time of production to the Receiving Party shall not personally prosecute or personally prepare any patent application or personally participate in the drafting of patent claims for the Receiving Party specifically directed to microprocessors from the time of receipt of such material through and including one year following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted or (ii) the complete settlement of all claims against all the Parties in this action.  This prosecution bar shall not apply to a device, method, or process merely because it contains or requires one or more microprocessors to operate.  The Sony Defendants and NVIDIA may not designate and label material as "SUBJECT TO PROSECUTION BAR" unless it (i) is also appropriately labeled "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" and (ii) is from a technical custodian (e.g., a programmer, an engineer or a scientist) or otherwise discloses confidential technical information.

## H.    Use Of Designated Material

26.    Use Of Designated Material By Receiving Party.  Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way.

Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

27.     **Use Of Designated Material By Designating Party**.  Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

28.     **Use of Designated Material at Depositions**.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other

documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination.  In the event that such attorney declines to sign such an Agreement To Be Bound By Protective Order, prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

29.    A witness who previously had access to a document designated ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY – RTL, HDL, Microcode but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode".  The witnesses may not copy, take notes on or retain copies of any Designated Material used or

reviewed at the deposition.  The witness may not take out of the deposition room any Exhibit that is marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode".  The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his case and under the supervision of one of the lawyers who is bound by the terms of this Order).

## I.   Procedure for Designating Materials

30.   Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 3 above, a Designating Party may designate as "ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above, a Designating Party may designate as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" information the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, a Designating Party may designate as "SUBJECT TO PROSECUTION BAR" information the Designating Party believes in good faith meets the definition set forth in Paragraph 22 above.

31.   Except as provided in the attached Exhibit C with respect to "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES

ONLY" information and shall be subject to this Order.  Thereafter, the Producing Party shall have ten calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

32.     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section H before the material is disclosed or produced.

33.     Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" and, if appropriate, "SUBJECT TO PROSECUTION BAR", on each page that contains Designated Material.

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode".  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by informing the reporter and opposing party in writing within thirty calendar days of completion of the deposition of the designations to be applied.  However, regarding "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" Material, the Designating Party must designate portions of a deposition transcript as "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" at the time of the deposition.  All deposition transcripts not marked at least "CONFIDENTIAL" during the

deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty day period has

expired.  Transcript pages containing Designated Material must be separately bound by the court

reporter, who must affix to the top of each such page the legend "CONFIDENTIAL",

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode", as

instructed by the Designating Party.

        (c)    For information produced in some form other than documentary, and for

any other tangible items, the Producing Party shall affix in a prominent place on the exterior of

the container or containers in which the information or thing is stored the legend

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL,

HDL, Microcode" and if appropriate, "SUBJECT TO PROSECUTION BAR".

**J.**    **No Waiver of Privilege**

    34.    Inspection or production of documents (including physical objects) shall not

constitute a waiver of the attorney-client privilege or work product immunity or any other

applicable privilege or immunity from discovery if, within ten court days after the Producing

Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party

designates any such documents as within the attorney-client privilege or work product immunity

or any other applicable privilege or immunity and requests in writing return of such documents

to the Producing Party with the factual basis for the assertion of privilege or immunity.  Upon

request by the Producing Party, the Receiving Party shall immediately return all copies of such

inadvertently produced document(s); and shall not use any inadvertently produced material or

information for any purpose unless and until the asserted privileges or immunities have been

successfully challenged or withdrawn.  Nothing herein shall prevent the Receiving Party from

challenging the propriety of the attorney-client privilege or work product immunity or other

applicable privilege or immunity designation by submitting a written challenge to the Court.

**K.**     **Inadvertent Failure To Designate**

35.     An inadvertent failure to designate qualified information, documents or things as

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY", "ATTORNEYS' EYES ONLY – RTL,

HDL, Microcode," or "SUBJECT TO PROSECUTION BAR" does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material.  Upon

discovery of an inadvertent failure to designate, as soon as reasonably possible a Producing Party

may notify the Receiving Party in writing that the material is to be designated as

"CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL,

HDL, Microcode" and if appropriate, "SUBJECT TO PROSECUTION BAR", with the factual

basis for the assertion of designation as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or

"ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" and if appropriate, "SUBJECT TO

PROSECUTION BAR".  Upon receipt of such notice, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the terms of this Order, subject to

the right to challenge the propriety of such designation(s).  The Producing Party shall provide

substitute copies of documents bearing the confidentiality designation.

**L.**     **Filing Designated Material**

36.     Without written permission from the Designating Party or a Court Order secured

after appropriate notice to all interested persons, a Party may not file in the public record in this

action any Designated Material but must file such Designated Material under seal in

conformance with the Court's rules and procedures.  Material filed under seal shall bear the title

of this matter, an indication of the nature of the contents of such sealed envelope or other

container, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER",

"ATTORNEYS' EYES ONLY INFORMATION - UNDER PROTECTIVE ORDER", or

"ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" INFORMATION – UNDER

PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> `This envelope contains confidential information filed in this case
>
> by (name of party) and is not to be opened nor the contents thereof
>
> to be displayed or revealed except by order of the Court presiding
>
> over this matter.

**M.**     **Challenges to Confidentiality Designations**

37.     The parties will use reasonable care when designating documents or information

as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY –

RTL, HDL, Microcode" and "SUBJECT TO PROSECUTION BAR".  Nothing in this Order

shall prevent a Receiving Party from contending that any or all documents or information

designated as CONFIDENTIAL Material, ATTORNEYS' EYES ONLY Material, or

"ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" Material and "SUBJECT TO

PROSECUTION BAR" material have been improperly designated.  A Receiving Party may at

any time request that the Producing Party cancel or modify the confidentiality designation with

respect to any document or information contained therein.

38.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL",

"ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode"

and "SUBJECT TO PROSECUTION BAR" designation at the time made, and the failure to do

so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be

served on counsel for the Producing Party, and shall particularly identify the documents or

information that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, pursuant to the D.C.COLO. Local Civil Rules, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" and if applicable, "SUBJECT TO PROSECUTION BAR" designation.

**N.**      **Protected Material Subpoenaed or Ordered Produced In Other Litigation**

39.      If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode", the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.**   **Unauthorized Disclosure Of Designated Material**

40.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**P.**   **Non-Party Use of This Protective Order**

41.      A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

42.      A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY" information, or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" information does not entitle that non-party access to "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY" information, or "ATTORNEYS' EYES ONLY – RTL, HDL, Microcode" information produced by any party in this case.

**Q.** **Discovery from Outside Consultants**

43.     Testifying experts shall not be subject to discovery of any draft of his or her report in this case or other cases that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

44.     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case.  No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

45.     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

46.     Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**R.**     **Duration**

47.     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**S.**     **Final Disposition**

48.     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party.  As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline.  Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section R (Duration), above.

**T.** **Miscellaneous**

49.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the party against whom such waiver will be effective.

50.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Nothing in this Order abridges the right of any person to seek to assert other objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.  The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

51.     This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

52.     The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this protective order.  All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Colorado.  Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

DATED at Denver, Colorado, this 13th day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

**BY PROTECTIVE ORDER**

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of BIAX Corporation v. NVIDIA Corporation, Sony Computer Entertainment America Inc., Sony Electronics Inc., Civil Action No. 09-cv-01257-PAB-MEH in the United States District Court for the District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I agree to use any confidential information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]

**EXHIBIT B**
**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full name], of
_____ am
not an employee of the Party who retained me, or of a competitor of the opposing Party. If at any
time after I execute this Certificate of Consultant and during the pendency of the Action I
become an employee of a competitor of the opposing Party, I will promptly inform the counsel
for the party who retained me in the Action, and I will not thereafter review any Designated
Materials marked by the opposing Party as "ATTORNEYS' EYES ONLY" unless and until the
Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

Executed on _____


_____
[printed name]


_____
[signature]