IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## PRELIMINARY ORDER REGARDING DISCLOSURE OF THE OCTOBER 8, 2008 LIVINGSTONE DEPOSITION TRANSCRIPT

**Michael E. Hegarty, United States Magistrate Judge.**

On March 26, 2010, the Court held a second follow-up status conference regarding the Motions Hearing held February 11, 2010, on the following pending motions: Plaintiff BIAX's Motion to Compel Production of Documents from Defendant Nvidia [filed February 5, 2010; docket #107 (sealed at #111)], Plaintiff BIAX's Motion to Compel Production of Documents from Defendants Sony [filed February 9, 2010; docket #115], and Defendants' Motion to Compel Interrogatory Response and Production of Documents [filed February 9, 2010; docket #116]. The Court also addressed certain disputed discovery issues raised by Defendants, including a request to review a transcript of a deposition of Mr. Scott Livingstone, the President of Plaintiff BIAX.

Defendants seek to review this transcript before conducting a deposition of Mr. Livingstone in this matter. As discussed on the record on March 26, 2010, Defendants assert that review of this transcript is relevant to their claims of inequitable conduct by Plaintiff. Defendants believe that the deposition addressed evidence of the commercial success of the patents at issue, as provided to the

United States Patent and Trademark Office ("PTO"). (Docket #158 at 11.) Defendants further believe that the deposition will indicate the relative value of the licenses at issue in previous matters involving Plaintiff. (*Id.*) Defendants argue that "any testimony that has to do with the negotiations of previous settlement license agreements that relate to the patents in suit could be relevant to damages." (*Id.* at 13.) Additionally, Defendants contend that the deposition may address the financial situation of Plaintiff, which would be "directly relevant to the hypothetical negotiation and the relative bargaining powers" of Plaintiff, impacting damages calculations for royalties in the matter at hand. (*Id.*)

In response, Plaintiff stated that the deposition of Mr. Livingstone which Defendants seek to review was taken within the *TI v. BIAX* proceeding. (Docket #158 at 12 (referring to Civil Case No. 07-cv-02370-WDM-MEH.) The *TI v. BIAX* matter concerned a "most favored licensee" provision in a licensing agreement between TI and BIAX. (*Id.*) Plaintiff represents that the deposition topics included negotiations between TI and BIAX relating to the presence of the "most favored licensee" provision in the licensing agreement, and the deposition did not include discussion of values of settlements. (*Id.* at 11, 12.) Plaintiff asserted that Mr. Livingstone "didn't even say very much about the inclusion of the most favored licensee provision," because Mr. Livingstone would not have personal knowledge of such, as the company's lawyers negotiate settlement agreements. (*Id.* at 12.) Plaintiff recounted that the deposition of Mr. Livingstone focused on TI's theory of pursuing shareholders for recovery in that action, and the identities of BIAX's creditors and shareholders, and did not address the issues raised in the suit presently before the Court. (*Id.* at 11-12.)

After hearing the parties' respective positions, the Court ordered *in camera* review of the contentious deposition of Mr. Livingstone. The Court stated it would make a tentative decision and

would allow comment after a completed *in camera* review. (Docket #158 at 13.) This Order communicates the preliminary determination of the Court as to disclosure of the deposition, and the Court is inclined to allow disclosure of pages 26-29, 38-39, 62-65, and 70-73 of the deposition transcript of Mr. Livingstone dated October 28, 2008. The Court reviewed the deposition transcript in full, and the Court finds that these certain pages are the only pages within the transcript mentioning the issues referred to by Defendants at the hearing, in regards to what they believe is contained within Mr. Livingstone's prior testimony. In these pages, Mr. Livingstone testifies to the financial standing of Plaintiff and also refers to dollar amounts received by Plaintiff in payment for a licensing agreement with Fujitsu Limited.

The parties may file objections within five business days of the date of this preliminary order. The Court will review the objections before issuing a final decision.

Dated at Denver, Colorado, this 1st day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge