IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff BIAX's Motion to Compel Production of Documents from Defendant Nvidia [filed February 5, 2010; docket #107 (sealed #111)], Plaintiff BIAX's Motion to Compel Production of Documents from Defendants Sony [filed February 9, 2010; docket #115], and Defendants' Motion to Compel Interrogatory Response and Production of Documents [filed February 9, 2010; docket #116]. The motions are referred to this Court for disposition. (Dockets ##114, 117.) The Court held hearings regarding these motions on February 11, March 15, and March 26, 2010. (*See* dockets ##120, 135, 156.) In light of the Joint Discovery Report [filed April 9, 2010; docket #162] and the discussions by the Court and rulings made therein at the February 11, March 15, and March 26, 2010 hearings, the motions are **GRANTED IN PART** and **DENIED IN PART** as stated on the record at the hearings and as further described below.

First, the Court addresses Defendants' request to review an October 8, 2008, transcript of a deposition of Mr. Scott Livingstone, the President of Plaintiff BIAX. (*See* docket #160.) On April 1, 2010, the Court issued a preliminary order regarding disclosure of this transcript, after completing

*in camera* review. (*Id.*) The Court explained its inclination to allow disclosure of pages 26-29, 38-39, 62-65, and 70-73 of the contentious deposition transcript. (*Id.* at 3.) The Court permitted the parties five business days of the date of the preliminary order to file any objections. No objections were filed, thus, the Court hereby **ORDERS** disclosure of pages 26-29, 38-39, 62-65, and 70-73 of the deposition transcript of Mr. Livingstone dated October 28, 2008, to Defendants.

In the Joint Discovery Report, the parties raise a few remaining issues.

First, concerning the Master Files and Instruction Sets for the Underlying GPUs (Nvidia), BIAX reserves the right (which it has as a matter of course) to raise this issue again in the event additional information becomes available concerning existence of supplemental documentation for the NV 50 Instruction Set.

Second, concerning the License and Settlement Agreements (Nvidia and Sony), based on representations of the parties, this matter is resolved absent unforeseen circumstances.

Third, concerning Financial Information (Nvidia and Sony), based on representations of the parties, this matter is resolved absent unforeseen circumstances.

Fourth, concerning the incorporation of Nvidia GPUs in their products (Nvidia and Sony), the parties are continuing efforts to resolve the issue, therefore, the Court finds, again without prejudice to re-asserting this issue upon reaching a stalemate, that no further Court involvement is necessary at this time.

Fifth, concerning the Morrison deposition, the Court will not, at this time, enter sanctions or recommend an adverse inference. However, in the event that Defendants subpoena Mr. Morrison, and in his deposition Defendants obtain information that, under the Federal Rules or developed case law, would lead the Court to conclude that his status is that of a "managing agent" as Defendants assert, the Court would be inclined to award the additional costs and fees associated with the necessity of subpoenaing Mr. Morrison.

Sixth, concerning the Walpert deposition, if it is not taken during April, the Court will take a serious look at Mr. Walpert's reasons for being unavailable until May. The Court believes that any particular witness, absent something more than inconvenience, should accommodate the timing restraints of a major federal lawsuit. The Court's denial at this point of any additional relief beyond those orders entered on the oral record are without prejudice to Defendants raising this issue after the deposition, concerning a request for costs or fees associated with the delay.

Seventh, concerning the TI/BIAX arbitration settlement, the Court agrees with BIAX's position. So many different factors go into a decision to settle (including, hopefully, the skill of the mediator) that such a document is not relevant to valuation.

Eighth, concerning supplementation of Interrogatory No. 1, the proposed April 16 deadline is acceptable to the Court.

Accordingly, Plaintiff BIAX's Motion to Compel Production of Documents from Defendant Nvidia [filed February 5, 2010; docket #107 (sealed #111)], Plaintiff BIAX's Motion to Compel Production of Documents from Defendants Sony [filed February 9, 2010; docket #115], and Defendants' Motion to Compel Interrogatory Response and Production of Documents [filed February 9, 2010; docket #116] are **GRANTED IN PART** and **DENIED IN PART** as stated herein and on the record.

Dated at Denver, Colorado, this 14th day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge