IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Defendants' Motion to Unseal [filed March 23, 2010; docket #153]. The motion is referred to this Court for disposition. (Dockets #154.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Unseal.

    The issue concerns Defendants' opening *Markman* brief, specifically exhibits 18-23, 25, and 26 and the discussion in the brief of the contents of those exhibits. Because those exhibits are materials that Plaintiff had previously designated confidential pursuant to the protective order in this case, Defendants were required to file their *Markman* brief under seal. Defendants contend that these materials have been improperly designated as confidential and seek to have the confidential designation overruled, thus permitting the *Markman* brief to be unsealed.

    Defendants properly rely upon this District's Local Rule 7.2C, requiring the following elements to be addressed in order for a document to be sealed on the record:

1

> (1) the nature of the material or the proceedings at issue;
>
> (2) the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;
>
> (3) the clearly defined and serious injury that would result if the relief sought is not granted, and
>
> (4) why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (*e.g.*, redaction, summarization, limited sealing of exhibits or portions of exhibits).

D.C. Colo. LCivR 7.2C.  The Tenth Circuit stated that in exercising the discretion to seal records and files, courts are to "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

Addressing the elements contained in Rule 7.2C, first, Plaintiff contends, without much explication, that the materials at issue were properly designated as confidential under the protective order in this case.  Defendants go to significant lengths to explain that the vast majority of the information in the exhibits has been disclosed in a public forum, specifically during prior proceedings before the United States International Trade Commission (ITC).  Plaintiff disagrees with Defendants regarding the extent of the public disclosure before the ITC and reiterates its desire to keep the documents confidential.  The Court finds merit to both sides' positions.

Second, the private v. public interest analysis weighs slightly against the relief sought here.  The Court does not believe that the public's interest in this sort of lawsuit is significant compared with the other matters that come before this Court on a regular basis.  This is supported by the Tenth Circuit's analysis in *Dobbins*.  The *Dobbins* Court stated that the public's interest is in (1) understanding disputes that are presented to a public forum for resolution, (2) assuring that the courts are fairly run and judges are honest, and (3) maintaining privileges (and, presumably, confidential business or private information).  In *Dobbins*, the Tenth Circuit found significant the

public's interest in preventing disclosure of documents that might harm expectations of privacy. *Id.*

Third, Plaintiff suggests that the injury here is the disruption of the expectation of privacy that was understood at the time the documents were created. Defendants' point about the age of the exhibits (more than 20 years) is well taken. Again, both sides have legitimate arguments regarding this element.

That leaves the Court with the final element, whether there is a less restrictive alternative to the relief sought (here, in essence, whether there is a less strict alternative to unsealing the brief and the enumerated exhibits). The Court believes that a less restrictive alternative is available. Defendants represent that the material they quote in the brief is contained in a public record elsewhere. That contention stands unrebutted. Therefore, the Court believes it is proper to unseal the *Markman* brief, but not the referenced exhibits. The Defendants have not asserted any harm or prejudice relating to the sealing of the documents other than the public's right to know. It is the Court's belief that the public's interest in viewing Court proceedings and assuring that the courts are fairly run will be satisfied by the public's access to the *Markman* brief.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Unseal [filed March 23, 2010; docket #153] as follows. Defendants' Opening *Markman* Brief, located at Dockets ##144 and 144-1, is hereby unsealed. Exhibits 18-23, 25 and 26 to Defendants' Opening *Markman* Brief, located at Dockets ##147, 147-1, 147-2, 147-3, 147-4, 147-5, 147-6, and 147-7, shall remain under seal.

Dated at Denver, Colorado, this 23rd day of April, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge