**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

      Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA INC.,
and SONY ELECTRONICS INC.

      Defendants.

**DEFENDANT NVIDIA CORPORATION'S OBJECTIONS AND RESPONSES TO
BIAX CORPORATION'S THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant NVIDIA Corporation ("NVIDIA") hereby objects and responds to the Interrogatories, including any definitions or instructions contained therein, propounded by BIAX Corporation ("BIAX"). BIAX served these requests jointly on NVIDIA and Sony Computer Entertainment America, Inc. and Sony Electronics, Inc. (collectively, "Sony"). NVIDIA responds to these joint requests only as to the portions of the requests directed at NVIDIA and does not respond as to the portions of the requests directed at Sony.

**GENERAL OBJECTIONS**

NVIDIA hereby objects to the Interrogatories on the same bases as stated in NVIDIA's responses to the First and Second Sets of Interrogatories served on NVIDIA, which objections and responses are incorporated by reference as if fully set forth herein. NVIDIA further objects

-EXHIBIT 1-
BIAX Motion to Compel Nvidia to Respond
to Plaintiff's Third Interrogatories
and Fourth Requests for Production

to each and every definition and instruction contained in the Interrogatories to the extent that each is vague and ambiguous and/or purports to impose obligations beyond those required by the Federal Rules of Civil Procedure or applicable Local Rules.

## INTERROGATORIES

**INTERROGATORY NO. 29:**

Describe in detail the impact, financial or otherwise, that sales of Accused Products or Accused GPUs have had or are projected to have on NVIDIA's and/or Sony's products and/or software sold in conjunction with, dependent upon, or used with the Accused Products and/or Accused GPUs.

**RESPONSE TO INTERROGATORY NO. 29:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "impact, financial or otherwise," "Accused Products or Accused GPUs," and the phrase "the impact, financial or otherwise, that sales of Accused Products or Accused GPUs have had or are projected to have on NVIDIA's and/or Sony's products and/or software sold in conjunction with, dependent upon, or used with the Accused Products and/or Accused GPUs"

are vague and ambiguous. NVIDIA objects to this interrogatory to the extent it seeks information about the "impact" of NVIDIA's GPUs on Sony, as that discovery is properly sought from Sony. Moreover, NVIDIA objects to this Interrogatory as nonsensical with respect to NVIDIA. It does not make sense to talk about the "impact" of the sales of an NVIDIA GPU on an NVIDIA GPU, which is what information this Interrogatory requests.

Subject to these objections, this interrogatory in unintelligible and, therefore, NVIDIA is unable to answer this Interrogatory.

**INTERROGATORY NO. 30**

For each Accused Product and Accused GPU, please Identify the First Sale Date, separately on a worldwide basis and in the United States.

**RESPONSE TO INTERROGATORY NO. 30:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "Accused Products or Accused GPU's" and "First Sale Date" are vague and ambiguous.

Subject to these objections, NVIDIA respond as follows:

As of no later than April 14, 2004, the first GPUs based on the NVIDIA GeForce 6 Series were being shipping to add-in-card partners, OEMs, system builders, and game developers; with retail graphics boards slated for release shortly thereafter.

As of no later than June 22, 2005, graphics cards with the first GPUs based on the NVIDIA GeForce 7 Series were available from add-in card partners at major online retailers. At the same time, GPUs based on the NVIDIA GeForce 7 Series were also being shipped to systems builders.

As of no later than November 8, 2006, products containing the first GeForce 8 series GPUs were available from retail outlets, system builders, and OEMS.

As of no later than February 21, 2008, products containing the first GeForce 9 Series GPUs were available from add-in card manufacturers, retailers, and system builders.

**INTERROGATORY NO. 31**

For each fiscal year 2003 to present, please Identify Sony's and/or NVIDIA's Financial Information with respect to each Accused Product and Accused GPU. In responding to this Interrogatory, please provide unit-specific Financial Information separately on a worldwide basis and for the United States.

**RESPONSE TO INTERROGATORY NO. 31:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring

prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "Accused Products or Accused GPUs" and "unit-specific Financial Information" are vague and ambiguous.

Subject to these objections, NVIDIA respond as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NVIDIA refers BIAX to the financial summaries containing voluminous financial data produced on compact disks at bates numbers NVBI00088773 and NVBI00088775. Such summaries include, for example, information such as gross revenues, net revenues, costs of good sold, gross margins, average sales prices, GPU costs, rebates, customers, and sales districts down to the part numbers and invoice dates. Financial summaries prior to May 29, 2009 are irrelevant (and not subject to discovery by prior agreement of the parties) and, therefore, NVIDIA will not provide financial summaries to that portion of this Interrogatory. NVIDIA further refers BIAX to its Annual Reports produced at bates numbers NVBI00082320-NVBI00082423, NVBI00082424-NVBI00082460, NVBI00082461-NVBI00082538, NVBI00082539-NVBI00082696, NVBI00082697-NVBI00082831, NVBI00082832-NVBI00082989, NVBI00082990-NVBI00083156, NVBI00083157-NVBI00083290, NVBI00083291-NVBI00083431, NVBI00083432-NVBI00083664. NVIDIA also refers to its Quarterly and Annual Reports. Both NVIDIA's Quarterly and Annual Reports are publicly available *at* http://phx.corporate-ir.net/phoenix.zhtml?c=116466&p=irol-sec *or at* http://www.sec.gov/cgi-bin/browse-

edgar?company=nvidia&match=&CIK=&filenum=&State=&Country=&SIC=&owner=exclude&Find=Find+Companies&action=getcompany.

**INTERROGATORY NO. 32**

For each year 2003 to present, please Identify and describe in detail each of the respective market(s) in which Sony and/or NVIDIA sold or offered to sell, sells or offers for sale, or plans to sell or offer to sell, the Accused Products and/or Accused GPUs. In your description of each market, please Identify the geographic region (including country name(s)), existing and/or targeted customers, existing and/or potential competitors, and your market share.

**RESPONSE TO INTERROGATORY NO. 32:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "Accused Products or Accused GPUs," "market," "targeted customers," "existing and/or potential competitors," and "market share" are vague and ambiguous.

Subject to these objections, NVIDIA respond as follows:

Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, NVIDIA refers BIAX to

the financial summaries containing voluminous financial data produced on compact disks at bates numbers NVBI00088773 and NVBI00088775. Such summaries include, for example, information such as gross revenues, net revenues, costs of good sold, gross margins, average sales prices, GPU costs, rebates, customers, and sales districts down to the part numbers and invoice dates. Financial summaries prior to May 29, 2009 are irrelevant (and not subject to discovery by prior agreement of the parties) and, therefore, NVIDIA will not provide financial summaries to that portion of this Interrogatory. Information regarding targeted customers, potential competitors, and market share are also irrelevant and, therefore, NVIDIA will not respond to that portion of this Interrogatory. NVIDIA further refers BIAX to its Annual Reports produced at bates numbers NVBI00082320-NVBI00082423, NVBI00082424-NVBI00082460, NVBI00082461-NVBI00082538, NVBI00082539-NVBI00082696, NVBI00082697-NVBI00082831, NVBI00082832-NVBI00082989, NVBI00082990-NVBI00083156, NVBI00083157-NVBI00083290, NVBI00083291-NVBI00083431, NVBI00083432-NVBI00083664. NVIDIA also refers to its Quarterly and Annual Reports. Both NVIDIA's Quarterly and Annual Reports are publicly available *at* http://phx.corporate-ir.net/phoenix.zhtml?c=116466&p=irol-sec *or at* http://www.sec.gov/cgi-bin/browse-edgar?company=nvidia&match=&CIK=&filenum=&State=&Country=&SIC=&owner=exclude&Find=Find+Companies&action=getcompany.

**INTERROGATORY NO. 33**

For each year 2003 to present, please Identify and describe in detail all Collateral Products from which you have derived or anticipate deriving any revenue or compensation of any kind. In your description of each Collateral Product, please Identify the year(s) in which you derived (or anticipate deriving) revenue or compensation, the manufacturer and/or

developer (if you are the manufacturer and/or developer, please so indicate as well), product name/model (and for games, the game title), SKU or tracking number which you use in recording revenue, and the Accused Product(s) and/or Accused GPU(s) to which the Collateral Product corresponds.

**RESPONSE TO INTERROGATORY NO. 33:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "Accused Products or Accused GPUs," "Collateral Products," "derived," "anticipate deriving," "revenue or compensation of any kind," and "recording revenue" are vague and ambiguous.

In particular, NVIDIA objects to the definition of "Collateral Products" as overbroad and seeking irrelevant and unduly burdensome discovery. The NVIDIA products that are not being accused of infringement are irrelevant, because: (i) they could not qualify as derivative or convoyed sales; and, otherwise, (ii) they are immaterial to the "reasonable royalty" analysis. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1994) (en banc).

-8-

Subject to these objections, NVIDIA will not respond to this interrogatory.

**INTERROGATORY NO. 34**

For each year 2003 to present, please Identify all Financial Information related to Collateral Products from which you have derived or anticipate deriving any revenue or compensation of any kind. In responding to this Interrogatory, please separately provide unit-specific Financial Information on a worldwide basis and for the United States.

**RESPONSE TO INTERROGATORY NO. 34:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "Financial Information," "Collateral Products," "derived or anticipate deriving any revenue or compensation of any kind," and "unit- specific Financial Information" are vague and ambiguous. In particular, NVIDIA objects that the request to identify information related to Collateral Products makes no sense with respect to NVIDIA, because NVIDIA makes the GPUs that are alleged to be Accused GPUs in this case.

In particular, NVIDIA objects to the definition of "Collateral Products" as overbroad and

-9-

seeking irrelevant and unduly burdensome discovery. The NVIDIA products that are not being accused of infringement are irrelevant, because: (i) they could not qualify as derivative or convoyed sales; and, otherwise, (ii) they are immaterial to the "reasonable royalty" analysis. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1994) (en banc).

Subject to these objections, NVIDIA will not respond to this interrogatory.

### INTERROGATORY NO. 35

For each year 2003 to present, please Identify and describe in detail the impact, if any, of sales of Collateral Products on prices and/or profit margins for each of the Accused Products and/or Accused GPUs.

### RESPONSE TO INTERROGATORY NO. 35:

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "impact," "Collateral Products," "Accused Products and/or Accused GPUs,"and the phrase "the impact, if any, of sales of Collateral Products on prices and/or profit margins for each of the Accused Products and/or Accused GPUs" are vague and ambiguous. In

particular, NVIDIA objects that the request to identify and describe the impact of sales of Collateral Products makes no sense with respect to NVIDIA, because NVIDIA makes the GPUs that are alleged to be Accused GPUs in this case.

In particular, NVIDIA objects to the definition of "Collateral Products" as overbroad and seeking irrelevant and unduly burdensome discovery. The NVIDIA products that are not being accused of infringement are irrelevant, because: (i) they could not qualify as derivative or convoyed sales; and, otherwise, (ii) they are immaterial to the "reasonable royalty" analysis. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1994) (en banc).

Subject to these objections, NVIDIA will not respond to this Interrogatory.

### INTERROGATORY NO. 36

Please Identify the persons whose files (electronic and non-electronic, including e-mail communications) have been reviewed in connection with producing records in this case, and for each person, identify (by bates range) the documents produced from his or her files. (If documents were reviewed but not produced from a particular person's files, please so indicate).

### RESPONSE TO INTERROGATORY NO. 36:

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects that the phrases "the persons whose files (electronic and non-electronic, including e-mail communications) have been reviewed in connection with producing records in this case" and "documents were reviewed but not produced from a particular person's files" are vague and ambiguous.

NVIDIA objects to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, the work product doctrine and/or any

other privilege, protection, or immunity.

Subject to these objections, NVIDIA responds that most of its document production has been collected from its PerForce database and from its financial databases. Documents were also collected from, or at the direction of, or are in the process of being collected from, or at the direction of, Pat Brown, Jay Duluk, Scott Whitman, Erik Lindholm, Michael Toksvig, Michael Shebanow, Mila Camino, Brian Kelleher, David Shannon, Ujesh Desai, Jeff Fisher, Kevin Krewell, Sunny Bedi, and Mike Byron.

**INTERROGATORY NO. 37**

For each year 2003 to present, please Identify the entity(ies) which are or were involved in the fabrication and/or testing of each Accused Product and Accused GPU.

**RESPONSE TO INTERROGATORY NO. 37:**

NVIDIA objects to this Interrogatory as overbroad, unduly burdensome, and duplicative, and not reasonably calculated to lead to the discovery of admissible evidence. NVIDIA objects to this Interrogatory pursuant to: (i) 35 U.S.C. § 271, to the extent it seeks information relating to the manufacture, use, offer to sell, or sale of any accused product outside the United States; and (ii) 35 U.S.C. § 287, to the extent it seeks information relating to activities occurring prior to May 29, 2009, the date BIAX filed this action. BIAX has stipulated that it will not seek discovery of financial information related to the sales of the accused NVIDIA products prior to the date of the filing of the Complaint. *See*, *e.g.*, February 11, 2010 Hearing Tr. at 22-23 (Counsel for NVIDIA: "And I should add, the agreement is to produce the financial numbers from the date of the filing of the complaint going forward, that was the agreement."). NVIDIA objects that the terms "involved in the fabrication and/or testing" and "Accused Product and Accused GPU" are vague and ambiguous.

Subject to these objections, NVIDIA respond as follows:

NVIDIA utilizes suppliers such as Taiwan Semiconductor Manufacturing Corporation, or TSMC and United Microelectronics Corporation, or UMC, to produce its semiconductor wafers. NVIDIA then utilizes independent subcontractors, such as Advanced Semiconductor Engineering, or ASE, JSI Logistics Ltd., or JSI, King Yuan Electronics Co., Ltd., or KYEC, Siliconware Precision Industries Company Ltd., or SPIL, and STATS ChipPAC Incorporated, or ChipPAC, to perform assembly, testing, and packaging of most of its products.

Fabrication and testing information prior to May 29, 2009 is irrelevant and, therefore, NVIDIA will not respond to that portion of this Interrogatory.

Dated: June 21, 2010                                    Respectfully submitted,

                                                        By:      /s/ Alex Chachkes /s/
                                                             Christopher R. Ottenweller
                                                             Alex Chachkes
                                                             Donald Daybell
                                                             Ulysses S. Hui
                                                             Richard Swope
                                                             ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                                             1000 Marsh Road
                                                             Menlo Park, CA  94025
                                                             Tel:   650-614-7400

                                                             **ATTORNEYS FOR DEFENDANT
                                                             NVIDIA CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2010, I caused the foregoing document, titled **DEFENDANT NVIDIA CORPORATION'S OBJECTIONS AND RESPONSES TO BIAX CORPORATION'S THIRD SET OF INTERROGATORIES**, to be served via electronic mail to the following email addresses:

bernhardt@ballardspahr.com
thomasch@ballardspahr.com
**Jon Bernhardt, Esq**.
**Roger P. Thomasch, Esq.**
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1225 17th Street, Suite 2300
Denver, CO 80202

*Attorneys for Defendant NVIDIA Corporation*

bfeatherstone@featherstonelaw.com
apetrie@featherstonelaw.com
**Bruce E. Featherstone, Esq.**
**Andrew John Petrie, Esq.**
FEATHERSTONE PETRIE DESISTO, LLP
600 17th Street, #2400 South
Denver, CO 80202-5424

*Attorneys for Defendant Sony Computer Entertainment America, Inc., and Sony Electronics Inc.*

laura.hepburn@kirkland.com
aaron.goodman@kirkland.com
**Laura A. Hepburn, Esq.**
**Aaron B. Goodman, Esq.**
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, IL 60654

*Attorneys for Defendant Sony Computer Entertainment America, Inc., and Sony Electronics Inc.*

greg.arovas@kirkland.com
**Gregory S. Arovas, Esq.**
KIRKLAND & ELLIS, LLP
153 East 53rd Street
New York, NY 10022-4611

*Attorneys for Defendant Sony Computer Entertainment America, Inc., and Sony Electronics Inc.*

john.edwards@kirkland.com
christian.taylor@kirkland.com
**John R. Edwards, Esq.**
**Christian Chadd Taylor, Esq.**
KIRKLAND & ELLIS, LLP
950 Page Mill Road
Palo Alto, CA 94304

*Attorneys for Defendant Sony Computer Entertainment America, Inc., and Sony Electronics Inc.*

merker.steve@dorsey.com
rothstein.evan@dorsey.com
**Steven J. Merker, Esq.**
**Evan Michael Rothstein, Esq.**
DORSEY & WHITNEY, LLP
370 17th Street
Republic Plaza Building, #4700
Denver, CO 80202-5647

*Attorneys for Plaintiff BIAX Corporation*

/s/ Richard S. Swope /s/
Richard S. Swope