IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER RE: BIA1 040052-53 AND BIA1 039751-52

**Michael E. Hegarty, United States Magistrate Judge.**

    The Court has completed its *in camera* review of BIA1 040042-43 and BIA1 039751-52. (*See* minutes at docket #300.) For the following reasons, the Court concludes that BIA1 040042-43 must be produced and BIA1 039751-52 may remain undisclosed. The Court further determines that amendment of the privilege log is necessary, as Plaintiff BIAX concedes that the description of the two documents is inaccurate. (Docket #254 at 2.)

    The Court finds that BIAX's description of BIA1 039751-52 in its response is accurate. (Docket #254 at 3.) This document clearly reflects communications related to licensing and royalties and does not pertain to patent prosecution. As Plaintiff represents, and Defendants do not contest, that the communication "memorializes a confidential telephone conversation that Mr. Gluck [an employee of BIAX] had with Bob Dorr, a patent attorney who represented BIAX" in June 1986, the Court finds that this communication is protected by attorney-client privilege and has not been waived by previous disclosures of patent prosecution documentation. The Court acknowledges

1

Defendants' contention that "business aspects of '*licensing*' are not privileged, even if a lawyer is involved;" however, the Court finds that the nature of this communication is enough within the realm of legal advising to remain protected. (Docket #283 at 4 (emphasis in original).)

The Court's evaluation of BIA1 040042-43 is not as simple. Plaintiff describes the document as an analysis regarding a certain third party patent "that potentially infringed BIAX's patents." (Docket #254 at 3.) Plaintiff represents that Mr. Gluck prepared this document "in response to a request from one of BIAX's patent attorneys, and that he subsequently provided the memorandum to BIAX's patent attorneys in confidence in order to obtain legal advice and assistance from those attorneys." (*Id*.) Thus, Plaintiff argues that this document is protected by attorney-client privilege. (*Id*.)

Plaintiff correctly points out that the party asserting a waiver of privilege bears the burden of proving the waiver. (Docket #254 at 6 (citing *Chopra v. Townsend, Townsend & Crew LLP*, 2008 WL 5101571 at * 4 (D. Colo. Nov. 25, 2008).) Plaintiff asserts that Defendants overstate the scope of previous court-ordered waivers, and that the scope of those waivers (in the *Intel* case and ITC litigation) was actually more narrow than the scope of documents produced in this case, namely, "all documents 'relating to Walpert's prosecution of the patents-at-issue.'" (*Id*. at 4.) Plaintiff alleges that BIA1 040052-53 does not relate to patent prosecution and does not concern "preparation of the substitute specification" as contended by Defendants; thus, the document does not fall within the purview of privilege-waived discovery. (*Id*. at 7.)

Defendants maintain that Plaintiff's "waiver of any privilege covering the prosecution of its patents, particularly in the time frame at issue, was total and complete." (Docket #283 at 1-2.) Defendants believe that, because Plaintiff "has produced scores of prosecution-related documents . . . [and] allowed its witnesses to testify to this topic fully and without a single privilege objection,"

privilege is waived. (*Id*. at 2, 3.) More specifically, Defendants argue that this document is clearly prosecution-related, and that its references to "prior art" are concurrent with other disclosures made by Plaintiff that address "prior art" during patent prosecution. (*Id*. at 3.) Defendants included a chart with their reply, summarizing "dozens of other documents on this subject matter that BIAX produced." (*Id*.)

After review of the discovery attached to Defendants' reply, the Court agrees with Defendants' contention that the subject matter within BIA1 040052-53 has in large part already been disclosed. BIA1 040052-53 concerns the potential impact of a third-party patent on a patent held by Plaintiff. The document discusses the reasons why the author determined there was no significant relationship between the third-party patent and Plaintiff's patent and refers to prior art references within the third-party patent. This document is similar to the documents included with Defendants' reply, particularly the memorandum dated June 24, 1994, describing a potential infringement claim and a survey of related prior art. (*See* docket #283-5 at 40-44; *see also* Notice at docket #306.) The Court at this time does not perceive any direct relation of BIA1 040052-53 to the prosecution of the patents at issue in this matter nor the "substitute specification" giving rise to Defendants' inequitable conduct claim; however, the Court agrees with Defendants that the nature of BIA1 040052-53 relates this matter's issues regarding patent prosecution, in that it evaluates potential infringement by a third-party patent during the pertinent time frame. The Court finds Defendants meet their burden of proving waiver as applied to BIA1 040052-53.

Accordingly, Plaintiff shall produce BIA1 040052-53 to Defendants and shall amend its proffered privilege log regarding BIA1 039751-52 within ***five business days*** of the final effect of this order. The effect of this order is hereby **stayed** for ***ten days*** pending appeal.

SO ORDERED.

Dated at Denver, Colorado, this 22nd day of July, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge