IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

     Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

     Defendants.
_____

**ORDER**
_____

     This matter is before the Court on defendants' Motion for Clarification of Claim

Constructions to Incorporate Statement Made in the Claim Construction Order [Docket

No. 335]. Defendants seek to clarify that the Court's construction of the terms

"condition code register" and "condition storage" includes the finding that "any processor

element is able to access any condition code register" or "condition storage." *See*

Docket No. 335 at 3. The Court, however, clearly ruled that, "in the event there is only

one processor element, that processor element is capable of accessing any of the

condition code registers for storing condition code values" and that the claim language

already accounts for the shared access to condition code registers upon the introduction

of additional processor elements. *See* Docket No. 231 at 37. Furthermore, the Court

found that the claim language "clearly provides that the 'condition code storages' are

accessible by 'each of said processor elements'" and, "[t]herefore, it is unnecessary to

import that quality into the definition" of condition storage.  *See* Docket No. 231 at 44.

"But, to the extent there is any dispute over whether, despite the foregoing, condition

code storage locations are shared by all processor elements, the Court rules that they

are."  Docket No. 231 at 44.  Defendants do not explain how these rulings are unclear.

Rather, defendants' real concern appears to be that, because the Court's

construction of the terms did not include specific reference to an attribute of the

processor element, plaintiff might attempt to present constructions or arguments to a

jury that are inconsistent with the Court's unambiguous rulings.  The Court, however,

ruled that it is unnecessary to include the attribute of shared access in the construction

of the two terms because such a quality was already clearly provided for by the claims

at issue.  Plaintiff has expressed no confusion regarding that ruling and has not sought

clarification.  The Court, therefore, sees little risk that plaintiff will attempt to argue at

trial that processor elements are not able to access any condition code registers or

condition storage locations.  Therefore, it is

**ORDERED** that defendants' Motion for Clarification of Claim Constructions to

Incorporate Statement Made in the Claim Construction Order [Docket No. 335] is

DENIED.

DATED October 28, 2010.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge