IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

      Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

      Defendants.

---

## ORDER

---

Before the Court are Plaintiff's Motion to Compel Sony to Produce for Deposition Rule 30(b)(6) Deposition Witnesses [filed September 20, 2010; docket #383] and Defendant Sony's Motion for Clarification by the Magistrate Judge of the September 21, 2010 Order [filed October 28, 2010; docket #457].  These matters are referred to this Court for disposition.  (Dockets ##384, 458.)  The motions are fully briefed, and the Court heard oral argument regarding these motions on November 22, 2010.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Sony's Motion for Clarification by the Magistrate Judge of the September 21, 2010 Order [filed October 28, 2010; docket #457] and **GRANTS IN PART** and **DENIES WITHOUT PREJUDICE IN PART** Plaintiff's Motion to Compel Sony to Produce for Deposition Rule 30(b)(6) Deposition Witnesses [filed September 20, 2010; docket #383].

The Court begins with its determination on the motion for clarification.

## I.      Sony's Motion for Clarification

In this motion, Sony asks the Court to clarify whether Sony must produce financial discovery regarding PlayStation 3 games to BIAX, on the basis of BIAX's convoyed sales theory of damages. The crux of Sony's motion rests on whether its financial production is confined to the 2004 timeframe, which would preclude financial discovery on the PlayStation 3 games as such games did not exist in 2004.  In short, the answer is yes, Sony must produce financial discovery regarding the PlayStation 3 games.

As BIAX described on the record, BIAX seeks damages pursuant to a royalty rate and a royalty base, resulting from a hypothetical negotiation of a reasonable royalty license as described in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).  The license would expire when the patent expired; in this case, 2013.

In the September 21 order, the Court granted BIAX's motion to compel as follows:

> Sony must produce its financial information relating to games developed for or capable of running on any accused product or accused GPU within ***fourteen calendar days*** of the date of this order.  BIAX will bear the cost of this production. Sony shall contemporaneously produce a good-faith billing statement limited to this production only.  BIAX may challenge the billing statement, if necessary, through a motion before this Court.

(Docket #388 at 11) (emphasis in original).  Sony's present motion arises from the Court's analysis in reaching the above holding.[1]  The Court restated counsel for BIAX's averment that BIAX's "purpose in seeking this information is finding out a certain level of convoyed sales." (*Id*.)  The Court explained that the discovery ordered is consistent with a corresponding order regarding Sony's production of information related to convoyed sales, which the Court did limit in time to 2004 pursuant to *Georgia-Pacific*.  (*Id*.)

---

[1]The Court notes that its summation at the end of the order also likely contributed to the confusion.  The Court stated that Interrogatories 23 & 24 as to the Sony Defendants was granted, with additional instruction and time limitation.  (Docket #388 at 37.)

The Court discerns that financial discovery in this case can be described in two categories: 1) the financial discovery needed to evaluate the hypothetical negotiation, limited in time to 2004, the beginning of the infringement period, and 2) the financial discovery needed to calculate a damages amount determined from the hypothetically negotiated reasonable royalty rate. The Court grants Sony's motion for clarification to the extent it clarifies its September 21 order, but denies the motion to the extent Sony asks the Court to limit production of financial discovery related to the PlayStation 3 games to 2004 (which of course, is non-existent). The plain language of the Court's September 21 order at page eleven governs here. The Court again orders production of Sony's financial information relating to games developed for or capable of running on any accused product or accused GPU, without limitation to 2004. This discovery is relevant to BIAX's theory of damages from convoyed sales and fits in the second category of financial documents described above. As previously ordered, BIAX will bear the cost of this production. Sony shall contemporaneously produce a good-faith billing statement limited to this production only. BIAX may challenge the billing statement, if necessary, by motion.

After discussion with the parties on November 22, 2010, the Court specifies this order further: Sony shall produce a table (or other easily interpretable format) of all PlayStation 3 games, the year each game was introduced to the market, calender year unit sales for each game to date, and the net revenue to Sony arising from the sale of the game. Moreover, as further described below in the Court's adjudication of Plaintiff's Motion to Compel 30(b)(6) deposition witnesses from Sony, Sony shall also produce a 30(b)(6) witness who can explain the financial arrangement Sony has with any third party corresponding to each of the games. However, Sony does not have to produce any contract or agreement regarding such financial arrangements that would require notice to third parties.

The Court recognizes it may be ordering discovery that ultimately is not relevant to the case depending on the outcome of the motion to strike, but this matter is not stayed, and the parties need to proceed to expert discovery given the present schedule of this case. Sony shall complete production of the discovery ordered herein (absent circumstances that Sony believes are unforeseen by this Court) on or before **December 8, 2010**.

## II.   Plaintiff's Motion to Compel Sony's Rule 30(b)(6) Deposition Witnesses

As a preliminary matter, the Court **declines** to address the October 21, 2010 Notice brought to the Court's attention in the form of a second supplement to the motion to compel by BIAX. (*See* docket #502.) BIAX did not request relief as to the October 21, 2010 Notice in the form of the motion as required by D.C. Colo. LCivR 7.1C, prescribing that "[a] motion shall be made in a separate paper."

In its response, Sony represents it offered witnesses for Topics 1, 2, and 8 of the June 24 Notice and Topics 1(to the extent Sony has knowledge), 2, 3, 4, 5, 6 and 9 of the June 28 Notice, even in light of Sony's objections to certain Topics as irrelevant or overly broad. The Court holds Sony to its offer of witnesses and **grants** Plaintiff's motion as to these Topics. The Court emphasizes, however, that Plaintiff must cooperate with Sony in scheduling depositions. The Court previously instructed the parties to practice open and timely communication and again reiterates that instruction. (Docket #232 at 34-35; *see also* docket #311 at 98-100.) The Court warns that non-cooperation may result in the sanctioning of the offending party.

Regarding the remaining Topics, after discussion with the parties on the record on November 22, 2010, and review of the briefing, the Court orders as follows. The Court **grants** Plaintiff's motion as to Topic 7 of the June 28 Notice to the extent that the communications are not protected by the attorney-client privilege or the work product doctrine. The Court stresses that any assertion of privilege must be made in good faith. Further, if during the deposition a party seeks to challenge

an objection to a line of questioning on the basis of privilege, the Court encourages the parties to conference together and call Chambers at (303) 844-4507 for guidance from the Court.

Regarding Topic 8 of the June 28 Notice, Sony represents that "[i]t is not aware of any such modifications relating to the accused features, so there is no relevant information on which to provide testimony." (Docket #429 at 11.) BIAX believes it is still "entitled to inquire at a deposition to confirm this fact," but the Court disagrees. (Docket #442 at 9.) Sony, like all parties in this matter, is obligated to make truthful representations through its papers and on the record. If BIAX can demonstrate some indication (through produced discovery or other deposition testimony) that Sony misrepresented its position on this topic, BIAX may re-file its request at that time. The motion is **denied without prejudice** as to Topic 8 of the June 28 Notice.

Sony challenges Topics 3-7 of the June 24 Notice on the basis of the Court's September 21 order limiting production of financial discovery, in large part, to 2004. However, as stated above, the Court clarified that certain discovery beyond the 2004 timeframe is relevant to calculate the damages amount resulting from the application of the hypothetically negotiated reasonable royalty rate. Therefore, the Court **grants** Plaintiff's motion as to Topics 3, 4, and 7 for the reasons stated in its adjudication of Sony's motion for clarification, and Topics 5 and 6 for similar reasons. The sale of collateral products will impact the damages calculated from the reasonable royalty rate; the Court believes the identification of collateral products and, if such products exist, the corresponding financial discovery related to these products is relevant to the second category of documents described above.

## III.    Conclusion

Accordingly, Plaintiff's Motion to Compel Sony to Produce for Deposition Rule 30(b)(6) Deposition Witnesses [filed September 20, 2010; docket #383] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART, and Defendant Sony's Motion for Clarification by

the Magistrate Judge of the September 21, 2010 Order [filed October 28, 2010; docket #457] is

GRANTED IN PART and DENIED IN PART as stated.  The fact discovery deadline, set to close

on November 30, 2010, is extended solely for the purposes of the discovery ordered herein, up to

and including **January 11, 2011**.

     Dated this 23rd day of November, 2010, in Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge