IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

      Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

      Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Compel NVIDIA to Produce for Deposition Rule 30(b)(6) Witnesses [filed November 12, 2010; docket #500 (#499 sealed)]. The motion is referred to this Court for disposition. (Docket #505.) The Court heard oral argument regarding this matter on November 22, 2010. (Docket #519.) For the reasons stated on the record and below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

**I.    Background**

      After discussion with the parties during a motions hearing on November 22, 2010, the Court narrowed the issues raised in Plaintiff's motion. (Docket #519.) The Court instructed Plaintiff to file a reply in support of its motion, setting forth each area of testimony relevant to its infringement allegations in the two categories of "architecture" and "code" that it believes is deficient. (Docket #522.) The Court additionally allowed Defendant NVIDIA to file a surreply. (*Id.*; *see also* docket #543.)

In its reply, Plaintiff contends that Defendant NVIDIA "did not appropriately prepare the individual witnesses to testify to the corporation's knowledge of the identified topics," and NVIDIA's production of individual witnesses does not satisfy its obligation to produce Rule 30(b)(6) witnesses. (Docket #537 at 3.) Plaintiff asserts that "NVIDIA's witnesses could not provide even the most basic information about key features of NVIDIA's accused chips." (*Id*. at 5.) Specifically, Plaintiff avers that none of the four architecture witnesses could testify concerning the operation of the condition code registers; the function and operation of the "shader computation top," "shader computation bottom," or "shader instruction processor;" the instruction execution; the operation of the register file; and the similarities of NVIDIA's chip families. (*Id*. at 5-11.) Plaintiff further asks the Court to order NVIDIA to provide access through a secure Internet connection to its RTL code during the deposition of the 30(b)(6) witnesses. (*Id*. at 12-13.)

Defendant NVIDIA counters these arguments in its surreply, representing that the four engineers already deposed by Plaintiff (Messrs. Whitman, Lindholm, Cabral, and Toksvig) testified as to "all of the relevant portions of the accused products in this case." (*See* docket #543 at 2-3.) NVIDIA addressed each assertion of deficient testimony by Plaintiff in a chart attached to its surreply. (Docket #543-4.) This chart is intended to demonstrate that Plaintiff's arguments regarding the architecture of the contentious chips are unjustified in four ways: 1) another witness testified about the disputed topic; 2) the testimony sought is "completely irrelevant;" 3) the topics identified in Plaintiff's motion were not raised during a deposition; and 4) Plaintiff mischaracterizes the witnesses' testimony. (Docket #543 at 5-7.) Regarding discovery related to code, Defendant restates its position that allowing Plaintiff to depose a witness with simultaneous access to the entire RTL code base is unworkable, given the vast amount of RTL. (*Id*. at 9.) Defendant reiterates its suggestion that Plaintiff should be permitted only one 7-hour deposition on RTL code, once Plaintiff

has given notice to NVIDIA of which sections of code will be at issue, and any perceivable gaps in deposition testimony regarding architecture should be supplemented only by written discovery and not an additional Rule 30(b)(6) witness.

**II.      Discussion**

Before analyzing the more substantive areas of dispute, the Court first addresses Plaintiff's assertion that it is entitled to additional testimony simply because the witnesses previously produced by Defendant NVIDIA were produced as individual witnesses, and not in response to a 30(b)(6) notice. The Court agrees with NVIDIA's contention that it need not produce duplicative 30(b)(6) witnesses if an individual witness has already testified adequately on the subject matter. This Court concluded that prior testimony of an individual witness can be designated by the corporation to satisfy a Rule 30(b)(6) deposition when the prior witness is the most knowledgeable on the subject and has been previously deposed by opposing counsel with regard to the particular topic. *Requa v. C.B. Fleet Holding Co., Inc.*, No. 06-cv-01981-PSF-MEH, 2007 WL 2221146, at *2 (D. Colo. July 31, 2007) (citation omitted). As further explained below, the Court finds that these elements are met here in part, thus Defendant NVIDIA may properly rely on the testimony of the produced individual witnesses in response to the demand for a Rule 30(b)(6) deposition by Plaintiff, for certain topics within the 30(b)(6) notice.

   *A.      Architecture*

After reviewing both parties' charts indicating the allegedly deficient areas of testimony and Defendant NVIDIA's response, the Court orders as follows. Regarding the topics related to the Tegra and Quadro devices, Defendant NVIDIA states these requests are irrelevant because neither Tegra nor Quadro are mentioned in BIAX's infringement charts. (*See* docket #543-4 at 2.) However, upon review of the cited Supplemental Response proffered by Plaintiff, it appears to the

Court that BIAX does include Tegra and Quadro in its infringement contentions, at least in the textual body of the supplemental response. (*See* docket #543-3 at 2-4.) Thus, the Court believes Defendant NVIDIA must produce a 30(b)(6) witness responsive to topics 4 and 5; topics 7 and 8 as applicable to topics 4 and 5; topics 11 and 12; and topics 13 and 14 as applicable to 11 and 12. Defendant NVIDIA must also produce a 30(b)(6) witness to discuss with specificity the register files in the RSX and the NV40, as both parties indicate this issue was not addressed in the individual depositions.

Plaintiff may submit interrogatories to Defendant NVIDIA on the following disputed areas of testimony: the operation of the Shader Computation Top hardware, the connection between the Shader Computation Bottom and the register file, specific questions regarding the operation of the Shader Computation Bottom and the Shader Instruction Processor in the NV40, and instruction execution in the NV50. The Scheduling Order permits 50 interrogatories per side. (Docket #58 at 13.) Plaintiff may proffer the number of interrogatories it has remaining from the original total.

Regarding the topics inquiring about similarities between members of certain product families, NVIDIA represents that "there are no material differences between the individual members of each family." (Docket #543 at 8.) NVIDIA further describes how individual witnesses "testified that the components that BIAX has identified as allegedly infringing are the same across each family." In light of these representations and the deposition testimony cited by NVIDIA, the Court concludes that Plaintiff is not entitled to additional testimony on this issue.

### B.     *Code*

Defendant NVIDIA offers a single 7-hour deposition regarding RTL, on noticed topics 14b, 15, 18e, and 19. (Docket #543 at 8.) NVIDIA recounts its objection to Plaintiff's demand that the RTL deponent have access to the entirety of the RTL code during the deposition. As stated by this

Court after discussion of this issue, the Court remains skeptical of the efficacy of Plaintiff's request. Plaintiff has been reviewing the RTL code for a number of months to determine which code it believes is infringing. The Court believes that at this time, Defendant NVIDIA's suggestion is the better way to conduct the code deposition and is consistent with the topics listed in Plaintiff's 30(b)(6) notice. Accordingly, Plaintiff may conduct a single 7-hour deposition on topics 14b, 15, 18e, and 19. Plaintiff must give notice to NVIDIA as to which portions of the RTL code it seeks testimony.

**III.   Conclusion**

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion to Compel NVIDIA to Produce for Deposition Rule 30(b)(6) Witnesses [filed November 12, 2010; docket #500 (#499 sealed)]. The Court is not inclined to award fees or shift the costs of the deposition in favor of either side at this time. The discovery ordered herein shall be completed on or before **February 4, 2011**.

Dated at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge