IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant NVIDIA Corporation's Motion to Strike the Declaration of Edward Davidson for Abusive Deposition Conduct [filed November 2, 2010; docket #481 (#478 sealed)]. The motion is referred to this Court for disposition. (Docket #483.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Defendant NVIDIA's motion.

**I.    Background**

    Defendant NVIDIA filed a motion for summary judgment on August 6, 2010. (Docket #326 (sealed).) Defendant NVIDIA premised the motion on its defenses of invalidity and unenforceability of the patents at issue based on inequitable conduct by Plaintiff. The inequitable conduct complained of by NVIDIA refers to a substitute specification for one of the patents at issue introduced by Plaintiff allegedly in violation of the Patent Act. NVIDIA believes the substitute specification impermissibly contained "new matter," which is "any change to an application that has

the effect of broadening the patent beyond what was originally disclosed." (*Id*. at 1.)

In its response to the motion for summary judgment, Plaintiff included a declaration by Dr. Edward Davidson, who is one of Plaintiff's retained experts. (Docket #373-1.) In this declaration, Dr. Davidson opined that the substitute specification did not include new matter. (*Id*. at 5.)

The motion at hand arises from the deposition of Dr. Davidson taken by NVIDIA after Plaintiff filed its response to the motion for summary judgment and before NVIDIA filed its reply. NVIDIA attests that this deposition "was the one opportunity to cross-examine the witness on a document that would be inadmissible hearsay if brought to trial." (Docket #478 at 2.) NVIDIA asserts that at Dr. Davidson's deposition, counsel for Plaintiff, Steve Merker, "openly coached his witness, made long speaking objections, and instructed the witness not to answer a question even when there was no privilege objection." (*Id*.) NVIDIA contends that this conduct violates D.C. Colo. LCivR 30.3 and Fed. R. Civ. P. 37(b)(2)(A). NVIDIA asks the Court to sanction Plaintiff for the deposition conduct of its counsel by striking Dr. Davidson's declaration from Plaintiff's response to the pending motion for summary judgment.

Plaintiff argues that this motion is "a transparent ploy to avoid Dr. Davidson's declaration and its dispositive impact on Nvidia's [sic] summary judgment motion." (Docket #525 at 2.) Plaintiff states its counsel did "exactly what he is entitled to do – object to objectionable questions." (*Id*. at 5.) In the event the Court decides the conduct is sanctionable, Plaintiff alleges that the relief sought by NVIDIA "represents a radical departure from what Local Rule 30.3 contemplates," in that options less drastic are available, such as permitting additional depositions, the appointment of a special master to referee depositions, or an award of fees and costs. (*Id*. at 8-9.)

In reply, NVIDIA counters Plaintiff's suggestion that the allegedly abusive deposition conduct did not preclude NVIDIA from obtaining truthful testimony. NVIDIA asserts that "[e]nforcement of the Court's rules and compliance with the standards of professional conduct should not be dependent on how effective an attorney has been in disrupting a deposition and blocking candid testimony." (Docket #553 at 1-2.) NVIDIA alleges that Mr. Merker's conduct indeed affected the testimony given by Dr. Davidson, namely regarding whether portions of Dr. Davidson's declaration copied a different expert's declaration, the subject matter of a letter referencing the substitute specification, and whether processor elements were context-free. (*Id*. at 2-3.) NVIDIA believes the sanction requested is consistent with Rule 37, and that a sanction is required to keep Plaintiff from violating Local Rule 30.3 in the future. (*Id*. at 6.)

**II.    Discussion**

Relevant to the matter at hand, D.C. Colo. LCivR 30.3A prohibits the following deposition conduct:

> 1. Making objections or statements which have the effect of coaching the witness, instructing the witness concerning the way in which he or she should frame a response, or suggesting an answer to the witness.
> . . .
> 3. Instructing a deponent not to answer a question except when necessary to preserve a privilege, to enforce a limitation on evidence directed by a judicial officer, or to present a motion under Fed. R. Civ. P. 30(d)(3)(A).
> . . .

Local Rule 30.3 further contemplates certain remedies when prohibited conduct takes place, including the appointment of a special master, an award of fees and costs, and additional depositions or hearings made necessary by the misconduct. Local Rule 30.3B states it "shall be treated as a standing order of the court for purposes of Fed. R. Civ. P. 37(b)." Rule 37(b) enumerates different sanctions available if a party fails to obey a discovery order.

3

Here, upon review of the deposition transcript (docket #478-1), the Court believes that the objective D.C. Colo. LCivR 30.3A standards were violated, and some kind of sanctions is required, but not in the manner requested by NVIDIA. Based on the Court's understanding of the federal and local rules, the Court agrees that Mr. Merker's statements on the record impermissibly impacted how the deponent responded to the questioning, in violation of Local Rule 30.3A. In consideration of the mandatory language prescribed by Rule 37(b)(2)(C), the Court orders as follows. Defendant NVIDIA is awarded its fees and costs for the deposition of Dr. Davidson and its fees and costs incurred by the filing and briefing of this motion. Defendant NVIDIA is further entitled to depose Dr. Davidson for an additional two hours. Plaintiff will bear the fees and costs for the additional deposition. Defendant NVIDIA may, in the additional deposition, cover the questioning that was impeded during the original deposition as well as any necessary follow-up associated with the same topics. Counsel for Plaintiff is on notice of the Court's opinion concerning objections and shall refrain from anything other than stating an objection and referencing the Federal Rule of Evidence or other rule or doctrine that any particular question may violate. If counsel for Plaintiff again violates Local Rule 30.3A, the Court would be inclined to grant the relief requested by Defendant NVIDIA.

## III.  Conclusion

Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Defendant NVIDIA Corporation's Motion to Strike the Declaration of Edward Davidson for Abusive Deposition Conduct [filed November 2, 2010; docket #481 (#478 sealed)] as stated herein. Defendant NVIDIA may file a motion for its fees and costs consistent with the requirements of D.C. Colo. LCivR 7.1A and 54.3 on or before **January 31, 2011**. If Defendant NVIDIA chooses to conduct an additional deposition of Dr. Davidson, such deposition shall be completed on or before **January 31, 2011**.

Dated at Denver, Colorado, this 7th day of January, 2011.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge