IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant NVIDIA's Motion to Clarify the Court's January 5, 2011 Discovery Order [filed January 18, 2011; docket #583]. The motion is referred to this Court for disposition. (Docket #587.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Defendant NVIDIA's motion as follows.

    The Court issued an order granting in part and denying in part Plaintiff's Motion to Compel NVIDIA to Produce for Deposition Rule 30(b)(6) Witnesses on January 5, 2011. (Docket #573.) The Court ordered deposition testimony from Defendant NVIDIA on certain topics, as well as the issuance of interrogatories by Plaintiff in lieu of conducting further depositions. Part of the Court's order recognized the Court's agreement with Defendant NVIDIA's contention that it need not produce duplicative 30(b)(6) witnesses if an individual witness has already testified adequately on the subject matter. The same continues to be true.

    In the motion at hand, Defendant NVIDIA seeks clarification from the Court that Plaintiff

is entitled to additional deposition testimony regarding "how the accused features of Tegra and Quadro *differ* from those in the RSX, NV40, and NV50." (Docket #583 at 2.) NVIDIA believes the Court's January 5, 2011 order requires only the above because the Court also held that NVIDIA produced adequate testimonial discovery on the RSX, NV40, and NV50 products. (*Id*. at 3.) NVIDIA again represents that the allegedly infringing features are identical in each of these products. (*Id*. at 4.)

In response, Plaintiff BIAX believes NVIDIA's position is self-contradicting, in that NVIDIA asks the Court to limit the ordered 30(b)(6) deposition to the differences in the chips, while stating that there are no differences. (Docket #591 at 2.) BIAX believes "it has never received this testimony before," in that NVIDIA did not previously produce a witness to testify regarding the Tegra and Quadro. (*Id*. at 3.) BIAX asserts that the Court's order simply instructs NVIDIA to produce a single witness regarding "the corporation's knowledge of the identified features and operation of the Tegra and Quadro chips." (*Id*. at 4.)

In reply, NVIDIA continues to emphasize that the allegedly infringing technologies, that is, the vertex shader, the fragment shader, and the streaming multiprocessor, are "structurally and operationally identical" in their use in the NV40, NV50, RSX, Tegra, or Quadro products. (Docket #597 at 1.) NVIDIA contends that BIAX already deposed the engineers who created the architecture for this technology, thus the deposition ordered by the Court on January 5, 2011, is appropriate only to determine what differences exist in the "three components from chip to chip." (*Id*. at 2-3.)

Both parties are correct, in part, and the Court agrees more with Defendant NVIDIA's position. BIAX is entitled to a 30(b)(6) deposition regarding the Tegra and Quadro chips as stated in the January 5 order; however, NVIDIA is under no obligation to produce a witness for duplicative testimony. If NVIDIA's 30(b)(6) witness informs counsel for BIAX at the deposition that the

technological qualities of the Tegra and Quadro chips are identical to those of the RSX, NV40, and NV50 chips (thereby confirming NVIDIA's stated position in its papers), the 30(b)(6) witness need not restate the prior deposition testimony regarding the architecture, code, or other technological qualities of these products. BIAX may inquire about the topics designated in the Court's January 5, 2011 order, but those topics described by the deponent as identical and previously discussed do not need to be re-examined. (*See* docket #573 at 4.) The Court will not set a time limit for the deposition, but anticipates the deposition should last no longer than a half day. Additionally, the instruction in the Court's January 5, 2011 order regarding submission of interrogatories in lieu of further deposition testimony apply to the Tegra and Quadro chips, to the extent relevant, which is an appropriate subject of inquiry for the 30(b)(6) deposition.

SO ORDERED.

Dated at Denver, Colorado, this 26th day of January, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge