IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Compel NVIDIA to Produce Additional Witness for Rule 30(b)(6) Deposition, and for Sanctions and Expedited Consideration [filed December 22, 2010; docket #566 (sealed #564)]. The motion is referred to this Court for disposition. (Docket #492.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

    Plaintiff requests the Court to order production of an additional 30(b)(6) witness by NVIDIA to testify regarding Topic No. 4 of Plaintiff's June 9, 2010 Notice of Deposition. Topic No. 4 concerns the 2005 Definitive Agreement between Defendant NVIDIA and the Sony Defendants. Plaintiff asserts that NVIDIA failed to produce an adequately prepared deponent, as neither Brian Kelleher on November 11, 2010, nor Tony Tamasi on December 7, 2010, were properly prepared. Plaintiff asks for the production of a prepared witness for deposition in Denver, as well as an award of fees and costs.

Plaintiff contends Mr. Kelleher could not testify regarding "whether NVIDIA licensed its technology to Sony under the Definitive Agreement," the payments contemplated by the Agreement, "the negotiation of per unit running royalty," and "whether the accused technology played any role in the negotiations of the Definitive Agreement," among other subjects. (*See* docket #564.) Plaintiff believes this information is directly relevant to "the dollar value which the Defendants placed on the infringing technology;" Plaintiff speculates that Defendants will try to argue that the infringing technology bore small impact on the financial terms of the Definitive Agreement, thus Plaintiff alleges its entitlement to the discovery at issue.

Additionally, Plaintiff avers that NVIDIA conceded Mr. Kelleher's inadequate preparation by offering a deposition of Mr. Tamasi "limited to testimony concerning the financial terms of the 2005 Definitive Agreement and why the patent cross-licensing talks ended." (Docket #564 at 10.) However, at Mr. Tamasi's deposition, Plaintiff states that counsel for NVIDIA said Mr. Tamasi was not prepared to testify on these subjects and in any event, the subjects are irrelevant. (*Id*. at 10-11.) On this point, in NVIDIA's response, NVIDIA explains its conclusion that after review of Mr. Kelleher's deposition, any information proffered by Mr. Tamasi would be duplicative and thus unnecessary. (Docket #576 at 12.)

NVIDIA represents that "Mr. Kelleher was fully prepared to testify" on Topic No. 4. (*Id*. at 1.) NVIDIA states Mr. Kelleher "was the person responsible for the NVIDIA-Sony collaboration– and was educated on . . . primarily the negotiation of the Definitive Agreement." (*Id*.) NVIDIA argues that during the six hour deposition, Mr. Kelleher "responded fully to the overwhelming majority of BIAX's questions," producing 174 pages of testimony. (*Id*. at 4.) NVIDIA challenges BIAX's assertion that Mr. Kelleher could not testify regarding what was licensed to Sony; Mr. Kelleher testified to his knowledge that the RSX chip technology was licensed

under the Agreement. (*Id*. at 5.) NVIDIA distinguishes what BIAX says went unanswered as requests for a legal opinion or conclusion, which Mr. Kelleher, as a lay person, was not qualified to answer. (*See id*. at 5-6.) Regarding the remaining subjects allegedly unaddressed by Mr. Kelleher, NVIDIA frames these issues as irrelevant. (*Id*. at 7-8.) NVIDIA argues that "Mr. Kelleher confirmed that the Definitive Agreement was a license of technology used in the RSX product, not a patent license," thus the Agreement would not be relevant to BIAX's claim of damages based on patent infringement under *Georgia-Pacific*. (*See id*. at 9-10.) NVIDIA asserts that BIAX does not meet its burden of articulating the relevance of its specific inquiries for a *Georgia-Pacific* analysis. (*Id*. at 11.)

In reply, BIAX describes how this Court previously determined that the Agreement at issue is indeed relevant, as "multiple sections within the Agreement (*e.g.*, 3, 4.4, 5.2) govern licensing for Sony to utilize NVIDIA's intellectual property to develop Licensed Products." (Docket #586 at 2.) BIAX reemphasizes Mr. Kelleher's alleged inability to answer questions regarding what technology was actually licensed under the Agreement, and that the line of questioning was not seeking a "legal opinion" as suggested by NVIDIA but was "a basic factual question about the Agreement." (*Id*. at 3-4.) BIAX argues that this base-level failure indicates a disregard for the Court's previous finding of relevance. BIAX restates its position regarding the financial questions about the Agreement as going to "the heart of the damages issues in this case." (*Id*. at 4, 7.) BIAX specifically seeks "the identification of the technology that NVIDIA licensed to Sony, the negotiation of the running royalty, and the amount of revenue that NVIDIA has received from Sony." (*Id*. at 6.)

The Court permitted NVIDIA to file a sur-reply, at its request. (Docket #601.) NVIDIA cites to the portion of Mr. Kelleher's testimony where he explains his "understanding . . . that the technology that [NVIDIA] included in the RSX chip was licensed to Sony" pursuant to the

Agreement. (Docket #603 at 2.) NVIDIA organizes BIAX's objections to Mr. Kelleher's testimony into two categories: 1) Mr. Kelleher did not answer questions as a lawyer interpreting the Agreement (but did so appropriately as a lay witness), and 2) NVIDIA has not explained the motivation behind the line-item details specified by BIAX. (*Id.* at 2-3.) NVIDIA argues that BIAX has not alleged it cannot understand the Agreement, nor has BIAX explained how motivation is relevant to a damages analysis. NVIDIA attests it has produced "detailed financial documents disclosing the revenues it has received from Sony for the RSX royalties." (*Id.* at 3.)

On October 14, 2010, the Court ordered a 30(b)(6) deposition regarding Topic No. 4. (Docket #438.) Topic No. 4 concerns "[t]he facts and circumstances surrounding the reasons for, negotiation of, amendments to, and performance and payments under the April 15, 2005 Definitive Agreement between Nvidia and Sony." (*Id.* at 1 n.1.) After review of the deposition transcript, the Court recognizes certain deficiencies in Mr. Kelleher's testimony, but not to the extent asserted by BIAX. (*See* docket #576-1 (Kelleher Dep.).) The Court grants Plaintiff BIAX's motion as follows. NVIDIA must produce a 30(b)(6) witness for a half-day deposition regarding Topic No. 4, but limited to the pre-Agreement letter of intent (docket #576-1 at 61), how the $25 million, $50 million, and $120 million figures were determined (*id.* at 61, 86, 127-28), the method of NVIDIA's estimation regarding sales of the PS3 console (*id.* at 67), royalty payments as negotiated and performed (*id.* at 84-85), and how the $35 million figure regarding termination was determined (*id.* at 126). The Court suggests that, based on Mr. Kelleher's testimony, Mr. Shannon, Mr. Tamasi, or Mr. Huang would be best suited for this deposition.[1] The Court will not award sanctions, as Mr. Kelleher discussed the technological aspects of the Agreement in depth and answered the questions regarding financial details adequately or with identification of the person with better knowledge.

---

[1] This is merely a suggestion, not an order.

The Court does not perceive any sanctionable conduct on part of NVIDIA and denies BIAX's motion in this respect. The deposition must be completed by **February 28, 2011**.

SO ORDERED.

Dated at Denver, Colorado, this 7th day of February, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge