IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel the Sony Defendants to Produce Certain Financial Information [filed February 3, 2011; docket #619 (sealed #618)]. The motion is referred to this Court for disposition. (Docket #620.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion.

BIAX seeks the following financial information from the Sony Defendants, in the form of either written or deposition discovery:

> (1) whether and how Sony's payments to NVIDIA under the 2005 Definitive Agreement between those entities are accounted for in Sony's "cost of good sold" for its PlayStation 3 ("PS3") Console sales information;
> (2) the specific component and technology costs associated with the material costs included in the "cost of goods sold" for its PS3 sales;
> (3) financial information concerning the sale of PS3 peripheral products; and
> (4) production of Sony's agreements with third party game publishers and deposition testimony concerning the financial arrangements between Sony and those entities.

(Docket #618 at 1.) The Court addresses each request in turn.

**I.      Cost of Goods Sold**

The Court combines BIAX's requests one and two in this section. In essence, BIAX seeks information regarding the breakdown of the "Cost of Good Sold" as related to Sony's PS3 sales. Specifically, BIAX wants to know whether the cost of good sold includes the royalty contemplated by the 2005 Definitive Agreement, paid by Sony to NVIDIA. If not, BIAX requests information regarding how the cost of the royalty is incorporated into the cost of the product. BIAX represents that Sony objects to this request because the payment comes from a Sony entity that is not party to this lawsuit. (Docket #618 at 7.) BIAX argues "[t]his ignores the history of this case and Sony's own agreements." (*Id.*) BIAX references a stipulated agreement entered by the Court during the initial stages of this case, which BIAX believes preserved its right to discovery from all Sony entities, not simply the parties to this lawsuit. (*Id.*)

In response, Sony describes the cost and payment procedure for the PS3 console between its entities. (Docket #625 at 3.) Sony Computer Entertainment America LLC ("SCEA"), which sells PS3 consoles in the United States, purchases the consoles from Sony Computer Entertainment Inc. ("SCEI"), which manufactures the consoles, via transactions occurring outside of the United States. (*Id.*) Sony contends that the only relevant sales information is limited to sales made in the United States. (*Id.*) Sony explains that SCEA's only cost "is the price of purchasing complete PlayStation 3 consoles" from SCEI, and costs of materials or components in the consoles are not tracked as a cost of accused sales in the United States. (*Id.*) Sony asserts that "[t]he detailed breakdown information BIAX seeks regarding components and royalties relates to costs incurred by other Sony entities in connection with separate non-accused foreign transactions." (*Id.* at 4.) Sony believes it is not obligated to produce information related to world-wide sales, thus it declines to produce the information requested. In any event, Sony represents it already has provided "the total cost of goods incurred in connection with the United States sales of PlayStation 3 consoles as well as the

component cost for the accused chip." (*Id.*)

In reply, BIAX contends "Sony's profit from its sales of PS3 units in the United States consists of both [ ] SCEI's and SCEA's profit margins." (Docket #634 at 2.) BIAX avers that deposition testimony revealed how "SCEI exercises almost complete control over the price SCEA charges its U.S. retail customers for PS3 consoles and peripherals." (*Id.* at 2 n.1.) BIAX reiterates its view that it is entitled to discovery from all BIAX entities, including SCEI. (*Id.* at 3.) BIAX emphasizes that financial data for the RSX chip as well as the non-RSX components impact "the overall profitability of the PS3 console." (*Id.* at 4.)

The Court agrees with BIAX. The order entered on stipulated motion of the parties preserves BIAX's right to seek discovery from Sony entities other than the two named Sony defendants, specifically including SCEI. (*See* docket #71.) The Court believes the value of the RSX chip to Sony (and NVIDIA) is the crux of Plaintiff's alleged damages. Knowing how this value is represented in the cost of good from Sony's perspective would indeed be relevant to BIAX's damages analysis. The Court's prior order regarding worldwide sales does not change the Court's conclusion, and in any event, the Court finds most compelling the stipulated agreement preserving BIAX's discovery rights. Accordingly, the Court **GRANTS** this portion of BIAX's motion. BIAX may serve written discovery in the form of *five interrogatories* to Sony seeking the financial information concerning its costs associated with PS3 sales, including amounts of Sony's license and royalty payments to NVIDIA dating from the execution of the 2005 Definitive Agreement, and including information regarding how the payments are included the cost of each PS3 console sold in the United States. BIAX shall serve these interrogatories to Sony on or before **March 14, 2011**. Sony shall respond on or before **March 24, 2011**. The five interrogatories may include a request that documents supporting the responses to the interrogatories be produced.

3

## II.     PS3 Peripheral Product Sales

BIAX seeks financial information regarding Sony's sales of products peripheral to the PS3. BIAX believes this information is relevant under its damages theory considering collateral products of the accused product. (Docket #618 at 8.) BIAX explains that Sony objects to this request because it interprets this Court's previous orders to compel financial information regarding collateral sales only from the beginning of the infringement period. BIAX contends the Court has already rejected Sony's argument, and Sony is required to produce financial information concerning sales of the PS3 peripheral products. (*Id*.)

In response, Sony contends that this Court's earlier rulings limited discovery of financial information regarding collateral products to the beginning of the infringement period. (Docket #625 at 5.) Sony also asserts that BIAX has not shown a nexus between the specific features it accuses and PS3 peripheral products. (*Id*. at 6.) Sony believes the Court did not reject this argument in any prior order. (*Id*.)

In reply, BIAX emphasizes that the financial information related to Sony's sales of peripheral products is relevant to BIAX's theory of damages from convoyed sales, as the Court previously held regarding the PS3 games. (Docket #634 at 5.)

In this Court's November 23, 2010 order, the Court explained that financial discovery in this case can be described in two categories: 1) the financial discovery needed to evaluate the hypothetical negotiation, limited in time to 2004, the beginning of the infringement period, and 2) the financial discovery needed to calculate a damages amount determined from the hypothetically negotiated reasonable royalty rate. (Docket #523 at 3.) Regarding collateral products, the Court clarified that financial discovery related to collateral products is relevant to the second category, which is not limited to 2004. (*Id*. at 5.) Thus, financial information regarding Sony's sales of products peripheral (or collateral) to the accused product is relevant to the extent it is needed to

4

calculate a damages amount determined from the hypothetically negotiated reasonable royalty rate. The Court **GRANTS** BIAX's motion in this respect. Sony shall produce to BIAX detailed financial information concerning its sales of peripheral products for the PS3 as stated herein on or before **March 9, 2011**.

### III.   Sony's Agreements with Third Parties

BIAX requests copies of the agreements memorializing Sony's financial relationship with third party game publishers. BIAX asserts that this Court ordered Sony to produce these agreements, with the exception of any agreement requiring notice to the third parties, in its November 23, 2010 order. BIAX attests that Sony does not have to provide notice to the third party game publishers before disclosing the terms of these agreements, as the information in the agreements is classified as confidential for Sony, not the third parties. (Docket #618 at 8-9.)

In response, Sony contends its "practice [is] . . . to treat its agreements with individual third-party game publishers . . . as confidential information of both Sony and the third-party publisher." (Docket #625 at 7.) Moreover, Sony states it is its practice "to provide notice to third parties before producing such agreements." (*Id*.) Sony represents it has produced all relevant information contained in the agreements to BIAX, including "detailed information regarding units sold and royalties collected for each third party game title." (*Id*. at 8.) Additionally, Sony asserts that its 30(b)(6) witness "explained the nature of the calculation used to derive" the average per-game royalty. (*Id*.) Sony informs the Court that it produced a template agreement containing financial terms to BIAX, thus mooting this request. (*Id*. at 8-9.)

The Court accepts Sony's representations of its business practice and concludes that the relevant financial information combined with a template agreement is adequate for BIAX's damages analysis. The Court does not perceive a need to interrupt a corporation's business practice if the same information is available in a different format that can be produced without the involvement of

third parties. Thus, this request is **DENIED**.

## IV.     Conclusion

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel the Sony Defendants to Produce Certain Financial Information [filed February 3, 2011; docket #619 (sealed #618)] as stated herein.

BIAX may serve written discovery in the form of ***five interrogatories***[1] to Sony seeking the financial information concerning its costs associated with PS3 sales, including amounts of Sony's license and royalty payments to NVIDIA dating from the execution of the 2005 Definitive Agreement, and including information regarding how the payments are included the cost of each PS3 console sold in the United States on or before **March 14, 2011**;

Sony shall respond to these interrogatories on or before **March 24, 2011**; and

Sony shall produce to BIAX detailed financial information concerning its sales of peripheral products for the PS3 as stated herein on or before **March 9, 2011**.

SO ORDERED.

Dated and entered at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] The five interrogatories may include a request that documents supporting the responses to the interrogatories be produced.