IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant NVIDIA Corporation's Motion for Attorneys' Fees and Costs Regarding Deposition of Edward Davidson [filed January 31, 2011; docket #612 (sealed #606)]. The motion is referred to me for disposition. (Docket #613.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, I will **GRANT IN PART and DENY IN PART** Defendant NVIDIA's motion.

    Defendant NVIDIA filed this motion at my suggestion. I granted in part Defendant NVIDIA's Motion to Strike the Declaration of Edward Davidson for Abusive Deposition Conduct, awarding to NVIDIA its fees and costs incurred by the deposition of Dr. Davidson and by the filing and briefing of the motion to strike. (Docket #574 at 4.) I further gave NVIDIA the opportunity to depose Dr. Davidson a second time for two hours, at the cost of Plaintiff BIAX. (*Id*.)

    NVIDIA, in the present motion, seeks its fees and costs for the initial deposition of Dr. Davidson, a second deposition of Dr. Davidson, and the filing and briefing of the motion to strike. NVIDIA requests a total of $92,808.20, pursuant to the lodestar method of calculating fee awards.

In addition to seeking fees for the three above-listed events, NVIDIA also seeks fees for the preparing and filing of this motion for fees. NVIDIA delineates the tasks for which it seeks reimbursement, and identifies certain tasks completed by its attorneys for which it does not claim fees. (*Id*. at 5-6.) At my request, NVIDIA submitted its actual billing records *in camera* (due to privileged entries on those records).

In response, Plaintiff challenges the amount requested by NVIDIA, opining that the claimed rates are substantially higher than that of the Denver community, and that the claimed hours are excessive beyond what is reasonable. (Docket #644 at 1.)

I agree with NVIDIA that Plaintiff's challenges are too vague. NVIDIA's counsel is from a national law firm and is charging national rates. Plaintiff's counsel is also from a national law firm, but Plaintiff declines to reveal information about the firm's Denver rates. When NVIDIA used information from Plaintiff's counsel's web site to suggest that the two firms have similar billing structures, Plaintiff's objection was that the rates from the web site "are not likely Denver rates." I do not understand why Plaintiff's counsel did not simply tell me what their rates are. I can only assume, as did NVIDIA, that counsel did not disclose this information (would is obviously readily available) because to do so would not support their argument.

Plaintiff also submitted a declaration of a local attorney who used a rule of thumb for deposition preparation time, without citing his authority for that rule of thumb. NVIDIA's counsel disagrees with the supposed rule, particularly in a complex patent case. This is a heavily (and, at times it appears to me, bitterly) disputed case, and the number of discovery disputes with which I have had to be involved far exceed the norm in my experience.[1] As NVIDIA points out, with perhaps a third of a billion dollars in damages being claimed by Plaintiff, and in light of the battles

---

[1] The docket contains nearly 700 entries.

already fought in this case, I can hardly fault NVIDIA's counsel for meticulously preparing for every litigation event in anticipation of another fight and, of course, the significant end game.

In light of these considerations, I do not view the fee petition as generally excessive. Further, it is traditional that a party get fees for the fee petition. For that reason, NVIDIA's request for fees is granted in large part, with a few deductions. First, there is a slight discrepancy between the hours billed for Mr. Metti as stated in the motion and as represented in the records; the Court thus subtracts the difference. Second, the Court believes that the hours charged related to the preparation of the motion for fees is overly generous and reduces that amount to twelve hours of work by Mr. Daybell. Considering these two subtractions, the Court determines that $79,167.83 is the proper amount of fees and costs to be awarded.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant NVIDIA Corporation's Motion for Attorneys' Fees and Costs Regarding Deposition of Edward Davidson [filed January 31, 2011; docket #612 (sealed #606)] as stated herein. The Court hereby **ORDERS** an award of fees and costs to Defendant NVIDIA paid by Plaintiff BIAX in the amount of **$79,167.83**, to be paid on or before **May 5, 2011**.

Dated and entered this 5th day of April, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge