IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS, INC.,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

On October 20, 2011, I held a hearing for purposes of determining an appropriate remedy in light of my October 4, 2011 decision concerning Plaintiff's Motion to Exclude Late-Produced Evidence and Expert Testimony that Relies on Such Evidence. The purpose of this Order is to attempt to level a playing field that I determined was out of balance. Plaintiff contends that I should exclude evidence and testimony as a means to accomplish the objective; Defendants contend that no remedy at all is necessary. I do not believe that precluding relevant evidence is appropriate, primarily because I have previously determined, and reiterate here, that the record does not establish that malfeasance was the cause of the imbalance. I cannot adopt Defendants' request, because I believe circumstances have placed Plaintiff at a disadvantage in certain respects, and that needs to be remedied. I will use the same categories as the October 4 Order.

A.     Sales Information

On September 21, 2010, I ordered production of worldwide sales information by NVIDIA. On October 13, 2010, I stayed that order pending NVIDIA's appeal to Judge Brimmer [docket #435]. In light of my October 4, 2011 Order and the current proximity of this case to trial, I believe circumstances have changed sufficiently such that justice requires lifting that stay. Therefore, the stay of that portion of my September 21, 2010 Order [docket #388] regarding NVIDIA's production of worldwide sales figures is lifted, and NVIDIA shall produce such information within 30 days of the date of this Order, and thereafter provide a witness for a two-hour Rule 30(b)(6) deposition.

B.     Identification of NVIDIA Patents and Use of Same in the RSX Chip

NVIDIA's Director of Intellectual Property, Richard Domingo, and NVIDIA engineer Andrew Tao shall make themselves available for supplemental depositions of four hours each within the next 30 days.

C.     Design Around

In light of Sony's representation that Dr. Michael Zyda developed a design around solution with assistance from NVIDIA engineer Michael Ludwig, Sony shall make each of these gentlemen available for supplemental two-hour depositions within the next 30 days, which shall include production of any relevant documents. During these depositions Plaintiff may inquire concerning the involvement of, and work performed by, the entity identified as Mercenary which tested the design around.

Regarding other issues/remedies discussed during the hearing: (1) I do not believe at this time that discovery is justified against the entity identified as Mercenary, which is alleged to have tested the design around and confirmed that it works; (2) I do not believe that supplemental

depositions of Defendants' experts are justified, because the record does not establish that Plaintiff was prohibited from making full inquiry of these witnesses; (3) I will not enter any orders affecting current expert designations or reports, or *Daubert* motions, because these are matters that Judge Brimmer, who will supervise the trial of this case, has first choice regarding whether a remedy is necessary in light of any additional evidence Plaintiff adduces during the discovery permitted above; and (4) I will not reapportion any costs or fees at this time (based at least in part on Defendants' argument that no Court orders have been violated).

SO ORDERED.

Dated at Denver, Colorado, this 25th day of October, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge