IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS INC.,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the parties' briefs regarding whether the Court should continue to exercise jurisdiction over the defendants' counterclaims [Docket Nos. 944, 945, 946]. On February 15, 2012, the Court granted the motions for summary judgment filed by defendants Sony Computer Entertainment America, Inc. and Sony Electronics Inc. (the "Sony defendants") [Docket Nos. 701, 729] and by defendant NVIDIA Corporation ("NVIDIA") [Docket Nos. 872, 876, 882, 887] and dismissed all of plaintiff's claims, leaving only defendants' counterclaims. *See* Docket No. 941.

    As the Court noted in the February 15 Order, a ruling of non-infringement does "not moot in the Article III sense of the term" a counterclaim seeking a declaratory judgment of invalidity, *see Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1353 (Fed. Cir. 2007) (citing *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83,

(1993)), or of unenforceability on account of inequitable conduct. *See Zenith Electronics Corp. v. PDI Communication Systems, Inc.*, 522 F.3d 1348, 1366 (Fed. Cir. 2008). Rather, a "district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion." *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004). Therefore, the Court ordered that the parties file the present briefs addressing whether the Court should exercise jurisdiction over defendants' counterclaims. *See* Docket No. 941 at 10.

Plaintiff BIAX Corporation ("BIAX") requests that defendants' counterclaims be dismissed without prejudice. NVIDIA agrees, asking that the Court dismiss its counterclaims without prejudice. NVIDIA's agreement is based, at least in part, on BIAX's assurance that it assert the present patents against any future NVIDIA products. *See* Docket No. 945 at 2; *see Cardinal Chemical*, 508 U.S. at 99-100 (stating that a court may consider, when deciding whether to retain invalidity counterclaims, whether "a company once charged with infringement [is] concerned about the risk of similar charges if it develops and markets similar products in the future"). Therefore, the Court identifies no reason to retain the NVIDIA counterclaims.

The Sony defendants, however, have their own counterclaims against BIAX. BIAX has offered them the same assurance regarding future Sony products, but the Sony defendants are concerned that such an assurance would not preclude BIAX from asserting claims regarding present Sony products that are not included in this case. The Sony defendants, however, wish to have the Court only proceed on their

inequitable conduct counterclaim and to dismiss without prejudice their invalidity counterclaim.

Despite asking for the Court to dismiss one counterclaim without prejudice and to proceed with another, the Sony defendants fail to address the clear judicial economy issues that doing so might present. As BIAX points out, a decision by the Tenth Circuit on appeal of the Court's claim construction and summary judgment rulings could impact the resolution of the defendants' counterclaims.[1] The Sony defendants do not address what, if any, impact a reversal of the Court's decision might have on inequitable conduct counterclaims which, by that point, may already have been tried. *See Liquidnet Holdings, Inc. v. Pulse Trading, Inc.,* 2011 WL 2493526, at *1 (S.D.N.Y. June 22, 2011) (in explaining why the court chose to dismiss an inequitable conduct claim without prejudice, stating that "the new standard announced in [*Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011)] increases the possibility that the Court will be required to address the same issues multiple times if it holds an inequitable conduct trial now" because defendant "has agreed to dismiss the invalidity claim without prejudice, but the but-for materiality standard requires a validity analysis (that the Court would have to repeat in the future if [defendant] renews its invalidity claim)"); *see also Amgen, Inc. v. Ariad Pharm., Inc.*, 2008 WL 4487910, at *3 (D. Del. Oct. 3, 2008) ("[C]onsiderations of judicial economy and reduction of litigation expenses are better served by permitting ARIAD to seek review of the court's claim construction

---

[1] The inequitable conduct counterclaims relate to statements by a patent attorney regarding whether changes to the patents during the application process constituted "new matter." Assessment of those statements could turn, at least in part, on the construction of the patents' scope.

3

Case 1:09-cv-01257-PAB-MEH Document 947 Filed 03/26/12 USDC Colorado Page 4 of 5

and non infringement orders at this time . . . . If the court were to conduct a trial on Amgen's [invalidity and unenforceability] claims based on the court's current claim construction, modification of that claim construction on subsequent appeal could result in a second trial of the same issues based on that modification."). And, although the Sony defendants argue that the inequitable conduct counterclaim is less complex, the merits of that claim are not "plainly evident." *Z Trim Holdings, Inc. v. Fiberstar, Inc.*, 2008 WL 2717656, at *1 (W.D. Wis. April 10, 2008) (citations omitted) (dismissing invalidity and unenforceability counterclaims because they were "hardly a 'slam dunk'"). Furthermore, the Sony defendants' speculative concern regarding future litigation is mitigated by BIAX's assurances, even if they are not as expansive as the Sony defendants might like, and the fact that the patents at issue are apparently set to expire in May of 2013. *See* Docket No. 944 at 5.

For these reasons, the Court does not believe it would be prudent to proceed on one counterclaim asserted by only two of the three defendants. *See Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 181 (D.N.H. 2007) ("[H]aving considered the procedural posture of the case, the pleadings and papers filed by the parties, and the fact that the [] patent's invalidity is not 'plainly evident,' the court concludes that the most prudent way to resolve this matter, and the most cost-effective way for the parties, is to dismiss Oracle's counterclaim, without prejudice.").

Therefore, it is

**ORDERED** that defendants' counterclaims are dismissed without prejudice. It is further

**ORDERED** that, pursuant to the Court's February 15, 2012 Order [Docket No. 941], judgment shall enter in favor of defendants and against plaintiff on all of plaintiff's claims. Defendants may have their costs pursuant to Fed. R. Civ. P. 54(d) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that all pending motions are denied as moot and this case shall be closed in its entirety.

DATED March 26, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge