IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

      Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS INC.,

      Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff's motion to defer [Docket No. 989]

resolution of defendants' motion for attorney's fees [Docket Nos. 956, 981] until after

plaintiff's appeal of the judgment in this case is completed.  Defendants filed a

response [Docket No. 995] to the motion on May 22, 2012, and the Court concludes

that the motion is ripe for disposition.  *Cf.* D.C.COLO.LCivR 7.1C ("Nothing in this rule

precludes a judicial officer from ruling on a motion at any time after it is filed.").

Plaintiff BIAX Corporation ("BIAX") brought suit against defendants NVIDIA

Corporation, Sony Computer Entertainment America, Inc., and Sony Electronics Inc.

alleging that defendants have infringed and induced infringement of U.S. Patent No.

5,517,628 and U.S. Patent No. 6,253,313 (collectively, the "patents"), both assigned to

BIAX.  Defendants sought summary judgment on the grounds, *inter alia*, that the

patents require that all processor elements be able to access all condition code

registers and condition storage and that the allegedly infringing products do not meet

that requirement.  In response, plaintiff did not dispute the latter point.  Plaintiff,

however, argued that processor elements need not be able to access any condition

code register or condition storage locations despite the Court's previous claim

construction ruling that the patents include that precise requirement.  *See* Docket No.

231 at 37, 44; *see* Docket No. 941 at 5 ("In light of the foregoing constructions, the

Court stated there was 'little risk that plaintiff will attempt to argue at trial that processor

elements are not able to access any condition code registers or condition storage

locations.'  Yet, that is the very argument BIAX asserts in response to defendants'

motions.") (quoting Docket No. 455 at 2.).  In light of the Court's previous ruling and

plaintiff's concession that the issue was dispositive, the Court granted defendants'

motions for summary judgment on February 15, 2012.  *See* Docket No. 941.  On March

26, 2012, the Court dismissed defendants' counterclaims without prejudice, *see* Docket

No. 947, and final judgment entered on March 28, 2012.  *See* Docket No. 948.

Plaintiff appealed the final judgment on April 25, 2012.  *See* Docket No. 952.

Defendants filed their motion for attorney's fees [Docket Nos. 956, 981] on April 27,

2012.[1]  Defendants seek the attorney's fees incurred between the Court's June 21,

2010 claim construction order [Docket No. 231] and the entry of final judgment in this

case on March 28, 2012.  In the present motion to defer [Docket No. 989], plaintiff has

requested that the Court defer ruling on defendants' motion for attorney's fees until

after its appeal of the judgment in this case is completed.

_____

[1]On April 4, 2012, the Court granted defendants until April 27, 2012 to file their
motion for attorney's fees.  *See* Docket No. 951.

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice . . . ." Fed. R. Civ. P. 54, adv. comm. note to 1993 amendments.  Plaintiff argues that efficiency would best be served by deferring resolution of the fees request until after the appeal.  While plaintiff cites cases where courts have taken that approach,[2] the Court cannot agree with plaintiff's contention that courts do so "routinely."  Docket No. 989 at 4; *see In re Unisys Corp. Retiree Medical Benefits Erisa Litigation*, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007) ("The weight of authority . . . is that the usual course is for the Court to consider attorneys' fees promptly after the merits decision rather than stay the Fee Petition until resolution of the appeal. . . .  Moreover, a number of courts have found that a pending appeal, standing alone, is insufficient reason to postpone a fee decision for an indefinite period.").  Plaintiff is correct that an attorney's fee award may need to be revisited in the event the Court's judgment is overturned.  The advisory committee note to Rule 54 makes clear that prompt resolution of a fee request "enables the court in appropriate circumstances to make its ruling . . . in time for any appellate

---

[2]The cases cited by plaintiff reference efficiency, *see, e.g.*, *Derringer v. Sewell*, 2009 WL 2424662, at *1 (D. Ariz. Aug. 7, 2009); *Quigley v. Government Employees Ins. Co.*, 2008 WL 384561, at *1 (M.D. Fla. Feb. 11, 2008), but provide little discussion that would assist the Court in determining whether deferral is warranted in the present action.  For instance, in *Matsumura v. Benihana Nat'l Corp.*, 2010 WL 1783552 (S.D.N.Y. Apr. 23, 2010), the Court deferred ruling on cross-motions for attorney's fees until such time as the appeals court could resolve the question of which party was the "prevailing party" for purposes of awarding costs pursuant to Rule 54.  *See id.* at *1.  And, in *Ewing v. TWA Restaurant Group, Inc.*, 2009 WL 976490 (D. Kan. Apr. 10, 2009), the court deferred ruling on a fee request, citing judicial efficiency and fairness, in a case where it had granted summary judgment without the benefit of a response and where, in any event, the motion for fees failed to comply with the local rules.  *See id.* at *1.

review of a dispute over fees to proceed at the same time as review on the merits of the case."  Fed. R. Civ. P. 54, adv. comm. note to 1993 Amendments; *see Nigh v. Koons Buick Pontiac GMC, Inc.*, 2001 WL 35963874, at *3 (E.D. Va. May 31, 2001) (concluding that it "should rule on the parties' motions so that the issue of fees and costs may be submitted on appeal, if the parties so desire").[3]

Furthermore, even if the Court's resolution of the fee request is not completed in time to be joined with the present appeal, resolving the motion will still avoid, in the event the Federal Circuit affirms the judgment, any additional delay of the final resolution of the fee issue in a case commenced over three years ago.  Moreover, "[p]olicy reasons favor pre-appeal fee petitions as well" because "'[p]rompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind.'"  *Mazloum v. District of Columbia*, 2008 WL 4876156, at *1 (D.D.C. Nov. 12, 2008) (quoting Fed. R. Civ. P. 54, adv. comm. notes to the 1993 Amendments).

In any event, defendants seek their fees not only based on 35 U.S.C. § 285 (providing in patent cases that the "court in exceptional cases may award reasonable attorney fees to the prevailing party"), but alternatively have sought them pursuant to 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

---

[3]Plaintiff also points out that defendants' request is substantial and "itself present[s] a major controversy before the Court."  Docket No. 989 at 7.  The scale and complexity of the request, however, further supports the conclusion that potentially providing the Federal Circuit with the opportunity to resolve all outstanding issues in a single appeal is most consistent with the purpose of Rule 54.

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").  An award of fees pursuant to § 285 would likely not survive if the judgment on the merits is overturned on appeal.  That, however, is not so clearly the case in regard to a potential fee award based on defendants' argument that plaintiff "never articulated a viable infringement theory that complied with the Court's rulings[.]"  Docket No. 956 at 12; *cf. Siderpali, S.P.A. v. Judal Industries, Inc.*, 833 F. Supp. 1023, 1036 (S.D.N.Y. 1993) (awarding sanctions pursuant to § 1927 in part because party "ignored the effect of . . . [a] prior holding" of the court).  In essence, defendants argue that plaintiff merely chose to ignore the Court's claim construction ruling, resulting in litigation between that ruling and final judgment that was unnecessary because it did not alter the issue now presented on appeal.[4]  That argument does not necessarily turn on whether the Federal Circuit ultimately affirms the Court's claim construction ruling.

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion to defer [Docket No. 989] is DENIED.

---

[4]Although plaintiff disagreed with the Court's claim construction, it did not ultimately dispute that the Court's ruling entitled defendants to summary judgment.  *See* Docket No. 941 at 6 ("BIAX does not dispute that the allegedly infringing processor elements found in [defendants'] chips are incapable of accessing condition code registers or condition storage found in other processor elements within the respective chips.  Nor does it dispute that, if such access is a requirement of the patents, the defendants are entitled to summary judgment.").

DATED May 30, 2012.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge