IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS INC.,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on NVIDIA Corporation's Motion for Limited Reconsideration of March 28, 2013 Order Denying Attorneys' Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 1058] filed by defendant NVIDIA Corporation ("NVIDIA") and joined by defendants Sony Computer Entertainment America Inc. and Sony Electronics Inc. (the "Sony defendants") [Docket No. 1063].  On March 30, 2013, the Court granted in part defendants' motion for attorney's fees pursuant to 35 U.S.C. § 285.  Docket No. 1037.  Defendants filed the instant motion to obtain reconsideration of the Court's March 30, 2013 Order to the extent it denied fees pursuant to 28 U.S.C. § 1927.

**I.  STANDARD OF REVIEW**

A district court order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment."  Fed. R. Civ. P.

54(b); *see Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) ("It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment."). An order granting attorney's fees without specifying the amount of the award is not a final order.  *See O&G Indus., Inc. v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008) ("A non-quantified award of attorneys' fees and costs is not appealable until the amount of the fees has been set by the district court.").

However, a "motion to reconsider is not at the disposal of parties who want to rehash old arguments."  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citation omitted).  Rather, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Id*. (internal citation omitted).

## II.  ANALYSIS

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court."  *Braley v. Campbell*, 832 F.2d 1504, 1511-12 (10th Cir. 1987).  Sanctions under § 1927 are also appropriate

when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

A district court has "wide discretion in matters of sanctions" under § 1927. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1207 (10th Cir. 2008). However, § 1927 should not be enforced so as to "dampen the legitimate zeal of an attorney in representing" a client. *Braley*, 832 F.2d at 1512. Accordingly, fees should only be awarded against attorneys whose conduct evinces a "serious and studied disregard for the orderly processes of justice." *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1167 (7th Cir. 1968); *see also Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1371 n.6 (Fed. Cir. 2012) ("Establishing attorney misconduct under § 1927 implicates a higher level of culpability than Rule 11."). Before awarding sanctions pursuant to § 1927, a court must make "specific findings" identifying "the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom," as well as describing the "objectionable conduct" in sufficient detail to permit a meaningful response and facilitate appellate review. *Braley*, 832 F.2d at 1513.

The Court's March 30, 2013 Order awarded attorney's fees and non-taxable costs to defendants pursuant to 35 U.S.C. § 285. The Court based this award on its findings that BIAX opposed defendants' motions for summary judgment despite lacking a viable theory of infringement, even after its own expert conceded the issue of non-infringement, thereby prolonging the litigation in bad faith. Docket No. 1037 at 12-13

(citing *Taurus IP [, LLC v. DaimlerChrysler Corp.*, 559 F. Supp. 2d 947, 968 (W.D. Wis. 2008)).  The Court denied defendants' request for fees pursuant to § 1927.  Docket No. 1037 at 16 ("As the Court is granting defendants' motion for fees pursuant to § 285, it will deny the alternative request under § 1927.").

Defendants argue that reconsideration of the March 30, 2013 Order is warranted because new evidence has come to light indicating that BIAX will be unable to pay the fee award.  Docket No. 1058 at 3-4.  Specifically, defendants attest that, prior to May 13, 2013, BIAX engaged bankruptcy counsel, who contacted counsel for NVIDIA and "indicated that it is unlikely BIAX will be able to pay any judgment in favor of NVIDIA."  Docket No. 1059 at 3, ¶ 4.  Defendants further attest that the BIAX's in-house counsel called an attorney for the Sony defendants and stated that "as soon as the Court sets an amount for the attorneys' fee award against BIAX and enters judgment, BIAX would promptly file for bankruptcy protection . . . because BIAX's debts to secured creditors already exceed BIAX's assets and BIAX therefore would not be in a position to pay anything to Sony."  Docket No. 1073-1 at 1, ¶¶ 2-3.

Defendants do not dispute the fact that an opposing party's ability to pay an award of attorney's fees is not a factor in considering whether to impose sanctions under § 1927, but argue that BIAX's inability to pay is grounds for reconsideration, since the Court's Order treated a fee award under § 1927 as an alternative to a fee award under 35 U.S.C. § 285.  Docket No. 1073 at 3.  Defendants further argue that the Court's Order sets forth a sufficient factual basis to support an award pursuant to § 1927.  Docket No. 1073 at 4.

However, this case does not meet the "extreme standard" imposed by § 1927.

*See White v. Am. Airlines*, 915 F.2d 1414, 1427 (10th Cir. 1990).[1]  Although BIAX pursued this litigation with a full frontal assault, the findings in the Court's March 30, 2013 Order do not support a conclusion that counsel for BIAX exceeded the bounds of zealous advocacy.  The Court's Order concerns BIAX's decision to oppose summary judgment and places responsibility for that decision squarely on BIAX.  *See* Docket No. 1037 at 16 ("BIAX has failed to show that the protective order prevented it from forming the requisite intent.").

Accordingly, the Court exercises its broad discretion to deny an award pursuant to § 1927.

### III. CONCLUSION

For the foregoing reasons, it is

---

[1] Defendants criticize BIAX's citation to *White* as reliance on a "decades-old" case, Docket No. 1073 at 5, but *Hamilton* did not alter the standard set forth in *White*. *Compare Hamilton*, 519 F.3d at 1203 ("Where, 'pure heart' notwithstanding, an attorney's momentarily 'empty head' results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible.") *with White*, 915 F.2d at 1427 ("sanctions are appropriate under § 1927 for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court") (internal citation omitted).

**ORDERED** that NVIDIA Corporation's Motion for Limited Reconsideration of March 28, 2013 Order Denying Attorneys' Fees Pursuant to 28 U.S.C. § 1927 [Docket No. 1058] filed by defendant NVIDIA Corporation and joined by defendants Sony Computer Entertainment America Inc. and Sony Electronics Inc. [Docket No. 1063] is DENIED.

DATED August 12, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge