IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01257-PAB-MEH

BIAX CORPORATION,

    Plaintiff,

v.

NVIDIA CORPORATION,
SONY COMPUTER ENTERTAINMENT AMERICA, INC., and
SONY ELECTRONICS INC.,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants' Motion for Recovery of Attorneys' Fees and Expenses Incurred After Claim Construction [Docket No. 956/981] filed by defendants Sony Computer Entertainment America, Inc. and Sony Electronics Inc. (collectively, "the Sony defendants") and NVIDIA Corporation ("NVIDIA").

**I. BACKGROUND**

Plaintiff BIAX Corporation ("BIAX") brought suit against NVIDIA and the Sony defendants, alleging that defendants infringed and induced infringement of U.S. Patent No. 5,517,628 (the "'628 Patent") and U.S. Patent No. 6,253,313 (the "'313 Patent") (collectively, the "patents"), both assigned to BIAX.  On February 15, 2012, the Court granted defendants' motions for summary judgment on all of BIAX's claims.  Docket No. 941.  On March 30, 2013, the Court found that defendants are entitled to recover attorney's fees pursuant to 35 U.S.C. § 285 for the time period starting on June 23,

2011, when BIAX's expert, Dr. Richard Davidson, conceded the issue of infringement, and ending on March 26, 2012, when the Court issued its order granting summary judgment. Docket No. 1037 at 17.

## II. DISCUSSION

The Sony defendants seek recovery of $660,044 in attorney's fees and $10,913 in costs for the period from June 23, 2011 through March 26, 2012, as well as $105,259 in attorney's fees for preparation of the attorney's fee motion. Docket No. 1039 at 6-7, ¶¶ 22-26. NVIDIA seeks recovery of $1,226,508.71 in fees and $28,648.24 in costs for the period from June 23, 2011 through March 26, 2012, as well as $56,522.06 for preparation of the attorney's fee motion. Docket No. 1045 at 1. BIAX argues that the amount requested is unreasonable in light of "(i) Defendants' failure to mitigate by seeking summary judgment promptly, . . .; (ii) defense counsel's billing rates, some 30% above reasonable rates in this market, . . . ; and (iii) Defendants' persistent use of multiple high-billing attorneys for litigation tasks." Docket No. 1018 at 15. BIAX principally relies on the analysis and opinions of Gregg I. Anderson, a patent attorney licensed in Colorado and California, in support of its argument that the claimed fees and expenses are unreasonable. Docket No. 1018-1 at 2, ¶ 2.

### A. Attorney's Fees

To fix a reasonable fee award, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983). A party seeking an award of attorney's fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### *1. Reasonable Hours*

Sony seeks fees for approximately 1070.25 hours of work between June 23, 2011 and the entry of the Court's Order on March 26, 2012, as well as the time spent preparing the motion for attorney's fees.[1] Docket Nos. 958 and 1039. NVIDIA seeks fees for approximately 2,946.6 hours of work during the same time period, as well as the time spent preparing the motion for attorney's fees. Docket No. 1045.

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n. 4 (1987). In *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989), the Supreme Court found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." The Court reasoned that such non-legal work may command a lesser rate, but its "dollar value is not enhanced just because a lawyer does it." *Id*. A litigant "is entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel" and may redact fee petitions accordingly, so long as those "redactions

---

[1] The Court calculated this figure by adding the monthly hourly totals for the months of July 2011 onward to the hourly totals for the week between June 23, 2011 and June 30, 2011 and the hourly totals for the period between January 2012 and April 2012, when the attorney's fee petition was completed.

3

do not impair the ability of the court to judge whether the work was an appropriate basis for fees," in which case a court "might be obligated to deny them." *Democratic Party of Wash. State. v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004).

The party claiming fees "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks," *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998), as well as demonstrating that counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If a request does not demonstrate billing judgment, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id*.

A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id*. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Ramos*, 713 F.2d at 553.

However, "the district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Malloy v.*

*Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986)); *see also Fox. v. Vice*, 131 S. Ct. 2205, 2216 (2011) ("trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

With respect to both Sony and NVIDIA, BIAX argues that the hours awarded should be reduced because defendants waited too long after the claim construction was issued to file their motions for summary judgment. Docket No. 1018 at 14-15. However, as the Court stated in its March 30, 2013 Order, the burden was not on defendants to prove the baselessness of BIAX's claims. Docket No. 1037 at 13 n.9. Given the pace of this litigation and the aggressiveness with which the parties prosecuted their disputes,[2] the time between the claim construction and the filing of the summary judgment motions is not indicative of unreasonable delay. Moreover, the Court has already determined that the time period for which defendants can recover fees runs from June 23, 2011, when BIAX's expert witness, Dr. Richard Davidson, stated that the accused devices do not infringe all of the claim limitations, through March 26, 2012, when the Court entered its order on summary judgment. Docket No. 1037 at 13. BIAX's arguments do not provide any basis for altering that determination.

BIAX also argues that both parties relied excessively on the use of high-billing partners, as opposed to associates. Docket No. 1018 at 15. Mr. Anderson opines that

---

[2] As Magistrate Judge Hegarty noted, this case was heavily (and, at times, "bitterly") disputed, with nearly a third of a billion dollars in damages at stake and an unusually high number of discovery disputes. Docket No. 664 at 2-3. As of August 2013, there were over one thousand docket entries.

each defendant had "three or four lawyers billing $600 per hour or above, all at a partner level" and that there was "surprisingly little" support provided by associate attorneys, despite the fact that "[m]uch of that work on a case like this would typically be pushed down to lower rates."  Docket No. 1018-1 at 19-20, ¶ 49.

NVIDIA's filings indicate that, although it is seeking fees for the work of four partner-level attorneys, only two of them–Chris Ottenweller and Alex Chachkes–billed at a rate over $600.00 per hour.  Docket No. 970 at 19.  The majority of hours requested by NVIDIA–nearly ninety percent–was billed by associates and paralegals.  *See* Docket No. 970 at 2.  Likewise, only two of the Sony defendants' attorneys–Christian Chadd Taylor and Laura Hepburn–billed at over $600.00 per hour, and their hours accounted for less than forty percent of the total claimed hours.  Docket No. 958 at 6, 13 ¶¶ 6, 14.  Mr. Anderson does not explain why work on "a case like this" would typically be assigned to less experienced attorneys, especially given the complexity of the subject matter, the contentiousness of the litigation, and the dollar amounts at stake.[3]  The Court finds that defendants' staffing levels were not unreasonable.

Finally, BIAX argues that defendants unnecessarily retained local counsel.  Mr. Anderson opines that "[g]iven the [Electronic Case Filing] system, local counsel is all but an anachronism," "nice for meetings and the like, but . . . otherwise unnecessary."  Docket No. 1018-1 at 23, ¶ 52(c).  However, BIAX does not offer, and the Court has not found, any case law to suggest that local counsel is unnecessary.  On the contrary, it appears from the billing statements that local counsel assisted by advising out-of-state

---

[3] Nor does Mr. Anderson address the fact that, according to the docket, BIAX was also represented by at least four partners.

counsel on compliance with the local rules, reviewing court filings, helping prepare for appearances, and appearing in court. *See generally*, Docket No. 963 at 2-5; Docket No. 1012 at 322-51. These tasks appear to have been reasonable at the time they were undertaken. Finally, local counsel accounts for a little over one percent of the hours claimed by defendants. *See* Docket No. 970 at 2; Docket Nos. 958, 963. In addition, the Sony defendants are seeking fees only for the time of local counsel Bruce Featherstone and not the other attorneys and paraprofessionals at his firm who assisted him. Docket No. 963 at 1, ¶ 2. Thus, defendants are not claiming excessive hours for local counsel.

In sum, neither the timing of the motion for summary judgment nor the staffing of the litigation provides a basis for applying a blanket reduction to the hours claimed.

### a. The Sony Defendants

In support of their fee petition, the Sony defendants submitted a declaration from Christian Chadd Taylor, a senior partner at Kirkland & Ellis LLP ("Kirkland & Ellis") with supervisory responsibility over this case; a declaration from Bruce A. Featherstone, a partner at the local law firm Featherstone DeSisto, LLC; and a supplemental declaration from David Rokach, a partner at Kirkland & Ellis with responsibility for this case. Docket Nos. 958, 963, and 1039. All three declarations contain tables listing the number of hours worked each month and a brief summary of the tasks completed by each attorney and legal assistant for whom fees are sought.[4] *Id*. Mr. Taylor states that "Sony

---

[4] A sample entry regarding Mr. Taylor's time reads as follows:

| Month | Hours | Primary Tasks |
|---|---|---|

is also willing to make its bills available for *in camera* review upon request." Docket No. 958 at 2, ¶ 3. Mr. Anderson objects to the Sony defendants' submission on the grounds that it is not "adequate to describe with any certainty what was done." Docket No. 1018-1 at 20, ¶ 49. However, this criticism is not so much directed at a claim that the tasks performed were unnecessary or took too long, but rather that "there were way more lawyers involved than necessary to litigate even a relatively complex patent lawsuit." *Id*.

The Court agrees with Mr. Anderson that, to some extent, Sony's records lack precision. The summary tables, which are broken down by month but not by day and which group tasks together instead of allocating each task to a specific block of time, do not completely satisfy the Sony defendants' burden to show "how those hours were allotted to specific tasks." *Case*, 157 F.3d at 1250. Moreover, they do not satisfy the requirement under local rules to submit "a detailed description of the services rendered [and] the amount of time spent" because they are insufficiently detailed to assess the reasonableness of the time allocated to each task. D.C.Colo.LCivR 54.3(B)(1). The local rules do not provide for submitting additional materials upon a finding that those already produced are insufficient. *See id*.

---

| July 2010 | 49.25 | Supervision of responsive briefing re BIAX motions to compel production of documents (Dkt. #259, 310); Preparation for and participation in July 14 hearing with Magistrate Judge Hegarty re BIAX motions to compel; Formulate strategy for motion for clarification of claim construction rulings (Dkt. #335); and Preparation and management of case strategy and discovery plan. |
|---|---|---|

Docket No. 958 at 2.

The Court finds that, although the "documentation of hours is inadequate," *Bangerter*, 61 F.3d at 1510, a fee award is appropriate, given the complexity of the subject matter, the demanding pace of the litigation, and the excellent results obtained by defendants. *See Hensley*, 461 U.S. at 435 n.10. However, the Court will exercise its discretion to reduce the award to account for the Court's inability to review in greater detail the time records. *See Bangerter*, 61 F.3d at 1510 (upholding reduction in compensable hours of thirty-five percent to account for imprecise time records); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1235 (10th Cir. 2000) (upholding one-third reduction of hours to account for "lumping of tasks into large blocks of time, with its concomitant lack of specificity and possibility of overlap with the work of other attorneys"). The Court will reduce the total fees awarded to Sony by ten percent to account for the imprecision of its submissions.

### b. NVIDIA

In support of its contention that its claimed hours are reasonable, NVIDIA has submitted invoices from Orrick, Herrington & Sutcliffe LLP ("Orrick") and from its local counsel, Ballard Spahr LLP ("Ballard"), which list the date, description, and time expended for each task. Docket No. 1012. Mr. Anderson opines that the Court should reduce NVIDIA's fee award because it submitted invoices that are overly redacted and lacking in sufficient detail. Docket No. 1018-1 at 19-20, ¶ 49.

Mr. Anderson asserts that NVIDIA's invoices are not "adequate to describe with any certainty what was done" and do not "discuss[] anything substantive." Docket No. 1018-1 at 20, ¶ 49. However, Mr. Anderson does not identify examples of specific line

items that are too vague. On the contrary, Orrick and Ballard's task descriptions are sufficiently detailed to determine whether the time spent on each task is reasonable and to dispel any doubt that NVIDIA is seeking fees for non-compensable tasks. *See Case*, 157 F.3d at 1250; *see also, e.g.*, Docket No. 1012 at 178 ("Prepare for Nusbaum deposition; research prior motions for law regarding hypothetical negotiations; review Min expert report and provide information to the team re Davidson deposition; resolve scheduling issues regarding Weinstein and Nusbaum depositions."); *id.* at 180 ("outline new Daubert motion on Davidson's opinions on 'instructions'"); *id.* at 268 ("Emails with Orrick regarding requests for admission to serve on BIAX today (.1); review requests for admission (.4)"). Thus, the Court will not impose an across-the-board discount on each attorney's time, as recommended by Mr. Anderson. Docket No. 1018-1 at 22-23, ¶ 52(b).

The Court notes that a number of line items are entirely redacted, leaving no indication of what the task involved or even how much time was spent on it, although it appears that some of these tasks were nonetheless included in NVIDIA's fee request. *See, e.g.*, Docket No. 1012 at 179, 184, 185. Although these redactions "impair the ability of the court to judge whether the work was an appropriate basis for fees," *Democratic Party of Wash. State*, 388 F.3d at 1286, the amount of time claimed for redacted entries (approximately ten hours) represents such a small percentage of the overall number of hours claimed (close to three thousand hours) that the Court can confidently state that the claimed hours are reasonable. *See* Docket No. 1012 at 193, 205, 216, 224, 235, 240, 244, 249-50, 254, and 262.

## 2. Hourly Rate

The Sony defendants request fees at the following rates:

| Person | Experience (Years) | 2010 | 2011 |
|---|---|---|---|
| Christian Chadd Taylor (Kirkland & Ellis, Senior Partner) | 18 | $715 | $742 |
| David Rokach (Kirkland & Ellis, Junior Partner) | 9 | $504 | $549 |
| Laura Hepburn (Kirkland & Ellis, Partner) | 15 | $625 | $652 |
| John Edwards (Kirkland & Ellis, Associate) | 6 | $490 | $526 |
| Lesley Ahlberg (Senior Legal Assistant) | | $234 | $270 |
| Sarah Whitney (Kirkland & Ellis, Project Assistant) | | $148 | $157 |
| Bruce Featherstone (Featherstone DeSisto, Partner) | 35 | $530 | $530 |

Docket Nos. 958 and 963. NVIDIA requests fees at the following rates:

| Person | Experience (Years) | 2010 | 2011 | 2012 |
|---|---|---|---|---|
| Chris Ottenweller (Partner, Orrick) | 35 | $714.00 | $748.00 | $739.50 |
| Alex Chachkes (Partner, Orrick) | 15 | $612.00 | $641.75 | $637.50 |
| Donald Daybell (Associate, Orrick) | 11 | $510.00 | $522.75 | $531.25 |
| Ulysses Hui (Associate, Orrick) | 11 | $510.00 | $522.75 | $531.25 |
| Christina Von der Ahe (Associate, Orrick) | 5 | N/A | $429.25 | $476.00 |
| Richard Swope (Associate, Orrick) | 7 | $450.50 | $429.25 | $454.75 |

| | | | | |
|---|---|---|---|---|
| Amy Dalton (paralegal) | | $199.75 | $199.75 | $208.25-$212.50 |
| Kevin Metti (paralegal) | | $148.75 | $148.75 | $148.75-$153.00 |
| Roger Thomasch (Partner, Ballard) | | $585.00 | $585.00 | |
| Jon Bernhardt (Partner, Ballard) | | $425.00 | $425.00 | |

Docket No. 970.

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy her burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In support of their requested rates, defendants offer the experience of their attorneys and paraprofessionals; a 2010 National Law Journal ("NLJ") billing survey, Docket No. 957-2; a 2010 NLJ nationwide sampling of law firm billing rates, Docket No. 972-2; a declaration from trial attorney Daralyn J. Durie, Docket No. 974; and a 2011 survey prepared by the American Intellectual Property Law Association ("AIPLA"), Docket No. 975-2.

The NLJ reports indicate that, in 2010, Denver firms billed between $285 and $810 per hour for partners and between $170 and $530 per hour for associates. Docket No. 957-2 at 4; Docket No. 972-2 at 3-4. The AIPLA survey indicates that, in 2010, partners with thirty-five or more years of experience billed between $380 and $653 hourly and partners with between fifteen and twenty-four years of experience billed between $350 and $550 hourly. Docket No. 975-2 at 3. It further indicates that associates with five to six years of experience billed between $240 and $370 hourly; associates with seven to nine years of experienced billed between $275 and $435 hourly; and associates with ten to fourteen years of experienced billed between $300 and $503 hourly. Docket No. 975-2 at 4. The NLJ nationwide sampling also indicates that one of the law firms representing BIAX, Dorsey & Whitney, bills between $440 and $795 for partners and between $180 and $290 for associates. Docket No. 972-2 at 3.

BIAX argues that defendants' billing rates are unreasonable in comparison with rates in the Denver market. Docket No. 1018 at 15. In support of this argument, BIAX offers Mr. Anderson's statement that "California rates for senior partners at large law firms as represent Defendants are at $150 to $250 an hour more for a patent litigation lawyer in a comparable law firm in Denver." Docket No. 1018-1 at 18, ¶ 46. After reviewing the materials defendants submitted and consulting his personal experience and knowledge, Mr. Anderson concluded that "a reasonable hourly rate for this litigation for lead counsel is $550 per hour for lead counsel or higher level lawyers." Docket No. 1018-1 at 19, ¶ 48.

A comparison of defendants' requested rates and the rates disclosed in the NLJ reports indicates that defendants' requested fees are within the range that Denver

attorneys were routinely billing in 2010. See Docket Nos. 957-2 and 972-2. Moreover, it appears that the firm BIAX hires bills in the same range.[5] See Docket No. 957-2 at 5. The fact that the requested rates fall, in some instances, toward the top of the applicable range is not unreasonable given the complexity of the subject matter, the high stakes of the case, and the contentiousness of the dispute. See Docket No. 664 at 3 ("I can hardly fault NVIDIA's counsel for meticulously preparing for every litigation event in anticipation of another fight and, of course, the significant end game").

In sum, the Court finds that the requested rates are reasonable.

### 3. Lodestar

The lodestar for NVIDIA is the requested sum of $1,283,030.77. To calculate the lodestar for the Sony defendants, the Court subtracted ten percent of the total amount requested, arriving at a sum of $688,773.

### B. Non-Taxable Costs

The Sony defendants request an award of non-taxable costs in the amount of $10,913, Docket No. 1039 at 7, ¶ 26, and NVIDIA requests $28,648.24. Docket No. 1045 at 1. Defendants seek reimbursement for the following types of expenditures: airfare and lodging for hearings and depositions; miscellaneous deposition expenses; online research; printing and duplication costs; and deliveries.[6] Docket No. 958 at 19-20, ¶ 26; Docket No. 970 at 2-3, ¶ 5.

---

[5] BIAX has not disclosed the hourly rates its attorneys billed in this particular case. See Docket No. 664 at 2.

[6] These costs are separate from and in addition to those taxed by the Clerk of Court. See Docket Nos. 955, 959, 1008, and 1009.

Section 285 of Title 35 permits recovery of costs that are not taxable under 28 U.S.C. § 1920. *Central Soya Co., Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Specifically, a party may recover sums "incur[red] in the preparation for and performance of legal services related to the suit." *Id.*; *see also Maxwell v. Angel-Etts of Cal., Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002) (failure to consider non-taxable costs is an abuse of discretion).

BIAX does not raise specific objections to the requested costs, but Mr. Anderson suggests applying a blanket reduction of ten percent to account for "overstaffing and inherent inefficiencies which are reasonable to conclude were present in reviewing the billing." Docket No. 1018-1 at 24, ¶ 52(e). As the Court, upon review of the records, does not find any basis for concluding that defendants' bills reflect inefficiency, the Court declines to apply this deduction. In addition, the Court finds that the expenses claimed were reasonably necessary in "preparation for and performance of legal services related to the suit" and are sufficiently supported by the submitted invoices and receipts. *See Central Soya*, 723 F. 2d at 1578; Docket Nos. 960 and 970.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that NVIDIA is awarded $1,283,030.77 in attorney's fees and $28,648.24 in non-taxable costs. It is further

**ORDERED** that the Sony defendants are awarded $688,773 in attorney's fees and $10,913 in non-taxable costs.

DATED August 12, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

**ORDERED** that the Sony defendants are awarded $688,773 in attorney's fees and $10,913 in non-taxable costs.

DATED August 12, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge